# Richmond

## MARJORIE TAYLOR v. CITY OF NEWPORT NEWS, ET AL.

June 11, 1973.

Record No. 8126.

Present, All the Justices.

*William Mills Krieger* (*Corbett, Fitchett & Krieger*, on brief), for plaintiff in error.

*P. A. Yeapanis, City Attorney for the City of Newport News; Billy C. Brooks* (*Frank M. Morton, III, Assistant City Attorney for the City of Newport News*, on brief), for defendants in error.

Per Curiam.

The sole question to be decided in this case is whether a city may be held liable in damages for personal injuries sustained by a pedestrian in a fall caused by a slippery substance negligently spilled on a public sidewalk by a city employee while collecting garbage. The trial court, in granting the motion of the defendant city of Newport News to strike the evidence, ruled that governmental immunity pro-

tected the city from liability in such a case. The unsuccessful plaintiff has appealed the adverse judgment.

The plaintiff, Marjorie Taylor, was injured when she alighted from a bus in the city of Newport News at approximately 10 p.m. on November 21, 1967. As she stepped off the bus onto the public sidewalk, her foot struck a substance made slippery by rain, and she slipped and fell. The substance was grease used in cooking which had been spilled at about 8 a.m. the same day. The grease was spilled by an employee of the city when he was placing a lard can in a truck in the course of his duties as a garbage collector.

We are of opinion that the trial court properly ruled that the city was immune from liability for Mrs. Taylor's injury. In Virginia, a municipality acts in a dual capacity, the one governmental and the other proprietary. It is immune from liability for negligence in performing or in failing to perform governmental functions. It is not so immune with respect to proprietary functions. *Fenon* v. *City of Norfolk*, 203 Va. 551, 555, 125 S.E.2d 808, 811 (1962).

The municipal collection of garbage is a governmental function. *Ashbury* v. *Norfolk*, 152 Va. 278, 283, 147 S.E. 223, 224-25 (1929). On the other hand, municipal maintenance of public streets and sidewalks is a proprietary function. *City of Norfolk* v. *Hall*, 175 Va. 545, 551-52, 9 S.E.2d 356, 359 (1940). But when injury occurs in a street or on a sidewalk not from some defect therein but from the alleged negligence of a municipal employee engaged in a governmental function such as the collection of garbage, the municipality is immune from liability. *Ashbury* v. *Norfolk, supra.* In other words, where governmental and proprietary functions coincide, the governmental function is the overriding factor.

In this case, Mrs. Taylor concedes that the city was performing a governmental function, the collection of garbage, when the grease which caused her fall was spilled. Consequently, she admits that she has no cause of action against the city for any negligence involved in the spillage. She contends, however, that because the grease was permitted to remain on the sidewalk for fourteen hours, the role of the city shifted from governmental to the proprietary function of maintaining the streets and sidewalks in a safe condition. In failing to perform the proprietary function of removing the grease before her fall, Mrs. Taylor concludes, the city committed a separate act of negligence for which it is not immune from liability.

Mrs. Taylor's contention has appeal, but we cannot accept it. Her sole assertion is that by the mere passage of time the city's function was transformed from governmental to proprietary. But the spilled grease on the sidewalk, just as a dropped banana peel, did not become any less an item of garbage because it was permitted to remain fourteen hours. So the passage of time had no legal effect on the situation. The city's failure to remove the grease constituted nothing more than the omission of performance of the governmental function of collecting garbage, for which the city is immune from liability.

The judgment of the trial court will be affirmed.

*Affirmed.*