## Richmond

## TRANSPORTATION, INC.

v.

## CITY OF FALLS CHURCH

April 20, 1979.

Record No. 771203.

Present: All the Justices.

*H. Wise Kelly, III (Kelly, Louk, Lawson & Kelly,* on brief), for appellant.

*Benjamin T. Trichilo (Brault, Lewis, Geschickter & Palmer,* on brief), for appellee.

PER CURIAM.

The question presented in this case is whether a municipality enjoys governmental immunity from liability for negligence in failing to repair a malfunctioning traffic signal. Ruling that a municipality is immune in such a situation, the trial court entered summary judgment in favor of the defendant, the City of Falls Church, in a property damage action brought against it by the plaintiff, Transportation, Inc.

The incident giving rise to the litigation occurred at a city intersection when a westbound taxicab owned by the plaintiff and operated by Armond Klein collided with a northbound automobile operated by Dorothy Woy. At the time the vehicles entered the intersection, the traffic signal facing Klein was not functioning and displayed no light, while the signal facing Mrs. Woy was green. On the previous day, the city had been notified that the signal was malfunctioning.

The test for determining a municipality's immunity in this type of situation is well established:

> "In Virginia a municipal corporation is clothed with a two-fold function—one governmental and the other proprietary. A municipality is immune from liability for failure to exercise or for negligence in the exercise of its governmental functions. It may be liable, just as a private individual or corporation, for the failure to exercise or for negligence in the exercise of its proprietary functions." *Fenon* v. *City of Norfolk*, 203 Va. 551, 555, 125 S.E.2d 808, 811 (1962).

A city has the duty to maintain its streets in repair and in safe condition for travel, free from defects and obstructions; in discharging this duty, a municipality acts in its proprietary capacity. Accordingly, it may be held liable for injuries caused by such defects as dangerous holes or depressions in city streets. *City of Richmond* v. *Branch*, 205 Va. 424, 428-29, 137 S.E.2d 882, 885 (1964); *City of Norfolk* v. *Hall*, 175 Va. 545, 551-53, 9 S.E.2d 356, 359-60 (1940).

But not every municipal activity related to street maintenance is proprietary. Notably, in *Fenon* v. *City of Norfolk, supra,* a city work crew, engaged in removing fallen trees from city streets following a hurricane, left a large tree trunk extending into the

street. The plaintiff was injured when the vehicle in which he was riding struck the tree trunk. We held that the city was immune from liability for negligence because it was engaged, not in the proprietary function of maintaining the streets, but in a governmental function. The work the city was engaged in, we said, was "for the purpose of protecting the general public health and safety from the damage produced by the hurricane." 203 Va. at 556, 125 S.E.2d at 812.

■ The plaintiff says that *Fenon* is distinguishable because the injury involved there did not result, as did the damage incurred here, from a defect in the street itself. A traffic signal, the plaintiff asserts, is an integral part of a street, and a defective signal, no less than a hole in the surface of a street, "is a physical defect for which a municipality is responsible as a part of its duty to keep and maintain the streets in repair and safe condition for public travel." Accordingly, the plaintiff concludes, the maintenance of a traffic signal should be classified as a proprietary function.

We do not agree with the plaintiff's argument or conclusion. Admittedly, the repair of a malfunctioning traffic signal bears some relationship to street maintenance and displays, therefore, a characteristic of a proprietary function. But a system of signals is designed to regulate traffic, and its dominant purpose is to reduce loss of life, limb, and property by preventing vehicular and pedestrian accidents at intersections. Thus, in the activity of maintaining traffic signals, as with the removal of the fallen trees in *Fenon*, there is involved "the purpose of protecting the general public health and safety," a distinguishing feature of a governmental function. And, "where governmental and proprietary functions coincide, the governmental function is the overriding factor." *Taylor* v. *Newport News*, 214 Va. 9, 10, 197 S.E.2d 209, 210 (1973).

We hold, therefore, that, in maintaining traffic signals, a municipality is engaged in a governmental function, *viz.*, the regulation of traffic, and that it is immune from liability for negligence in failing to repair a malfunctioning signal. Accordingly, the judgment of the trial court will be affirmed.

*Affirmed.*