## Richmond

EVA M. FREEMAN, ADMINISTRATRIX OF THE ESTATE
OF JAMES CLIFTON HALL, DECEASED

v.

THE CITY OF NORFOLK, VIRGINIA

June 6, 1980.

Record No. 780482.

Present: All the Justices.

*(Israel Steingold; Steingold & Steingold,* on brief), for appellant.
*Harold P. Juren, Deputy City Attorney (Philip A. Trapani, City Attorney,* on brief), for appellee.

Case submitted on brief for appellant.

HARRISON, J., delivered the opinion of the Court.

The question in this case is whether the alleged negligent acts of omission and commission by the City of Norfolk involved the exercise by it of discretionary governmental functions.

James Clifton Hall was a guest in an automobile driven by Charles W. Swift, Jr., which, at approximately 3 a.m. on April 20, 1975, while being driven in a northerly direction on Mayflower Drive, failed to negotiate a sharp curve to the east and plunged into the Lafayette River. All the occupants of the car were killed. The personal representative of Hall filed a motion for judgment against the City and Swift's administratrix, claiming damages for Hall's wrongful death. Following the filing of responsive pleadings, discovery proceedings, interrogatories, and depositions, the City's motion for summary judgment was granted, and this appeal ensued.

The alleged negligent actions and omissions by the City may be summarized as follows: (1) a failure to provide a guardrail, barrier, curbing, or other safety device between Mayflower Drive and the Lafayette River; (2) a failure to provide sufficient street lights and to provide a red blinking light, or any other type of lighting, to warn

of the existence of a sharp curve at the point on Mayflower Drive where the accident occurred; (3) a failure to provide adequate roadway markings and white lines to clearly delineate the edges and center of the street, and to indicate the direction of traffic or the contour of the street; (4) the negligent placement and installation of warning signs on Mayflower Drive indicating the curve in the street; and (5) permitting excessive speed on Mayflower Drive at the place where the accident occurred, and the negligent posting of a sign showing a speed limit which was in excess of the limit at which the curve could be negotiated with safety.

Our decision here requires an examination of those principles enunciated in the numerous cases dealing with the nature and effect of governmental immunity. It is elementary that, in the absence of statute, negligence cannot be imputed to the sovereign and therefore no private action will lie against the state. *Board of Public Works, &C.* v. *Gannt, &C.,* 76 Va. 455, 461 (1882). When a city performs governmental functions delegated to it by the state, it stands in the place of and is acting for the state, and to hold it responsible for negligence would be the same as holding the sovereign accountable for negligence. *Franklin* v. *Richlands,* 161 Va. 156, 159, 170 S.E. 718, 719 (1933). A city, in selecting and adopting a plan for the construction of ,public streets, acts in a governmental capacity and exercises discretionary functions for which it is not liable. *City of Norfolk* v. *Hall,* 175 Va. 545, 551, 9 S.E.2d 356, 359 (1940). However, in caring for and in maintaining such a street after its completion, the city acts in a proprietary capacity. "It has long been well settled in this state that it is the duty of a city to keep and maintain its streets in repair and in a safe condition for travel, free from defects and obstructions." *Id.* at 552, 9 S.E.2d at 359.

In the case under review we are not dealing with dangerous defects, depressions, or obstructions in a street. There is no claim that the condition of the paved surface of Mayflower Drive caused the accident. The allegations do not concern acts or omitted acts by the City regarding its duty to maintain its streets, but concern acts relating to traffic regulation. The rule that Virginia follows is that the regulation by municipalities of traffic on their streets constitutes the exercise of a discretionary governmental function. The recent case of *Trans. Inc.* v. *Falls Church,* 219 Va. 1004, 1005, 254 S.E.2d 62, 63 (1979), controls our decision here. There, we pointed out that "not every municipal activity related to street maintenance is proprietary." We held that in maintaining its traffic signals the city

was engaged in a governmental function, *viz,* the regulation of traffic, and that it was immune from liability for its negligence in failing to repair a malfunctioning signal which allegedly caused plaintiff's injury. *Id. at* 1006, 254 S.E.2d at 64.

Traffic lights, blinking lights, warning signals, roadway markings, railings, barriers, guardrails, curbings, and like devices are all designed to control and regulate traffic and to insure its orderly and safe flow on the streets. A determination of the need for such devices and the decision to install or not to install them calls for the exercise of discretion on the part of the city. In the exercise of that discretion and in making a judgment, the city is performing a governmental function and is not liable for its negligent performance of the function.

■ The mere fact that Mayflower Drive was laid out and constructed in close proximity to the Lafayette River and contains one or more sharp curves is not material. The City is empowered to lay out streets and walks and improve the same, and when and where it does so is a matter wholly within its discretion. *Jones* v. *Williamsburg,* 97 Va. 722, 725, 34 S.E. 883, 883 (1900).

The plaintiff argues that the trial court erred in granting the defendant's motion for summary judgment, claiming that there are material facts in the case that are genuinely in dispute. She says, correctly, that in determining whether there is any such issue, the facts, including any legitimate inference therefrom, must be viewed in the light most favorable to the party opposing the motion. We have examined the pleadings, including the depositions, interrogatories, and responses thereto, and we can find no genuine issue of fact involved. In essence, the plaintiff claims that the automobile ran off the highway into the river because the City had not lighted the area properly, or provided a barrier to prevent such an accident, or sufficiently warned of the presence of a dangerous curve. The issue is whether those alleged negligent omissions by the City involved the exercise by it of a governmental function. Consistent with former holdings of this court, we conclude that its actions did pertain to the exercise of governmental functions, and that under the doctrine of governmental immunity, which we recognize, there can be no liability on the part of the City. Accordingly, the judgment of the court below is

*Affirmed.*