## CIRCUIT COURT OF THE CITY OF NORFOLK

Colanna Borjes

 v.

City of Norfolk
and Supreme Foods, Inc.

February 17, 1987

Case No. L86-310

By JUDGE JOHN W. WINSTON

After all evidence was presented at the January 22, 1987, bench trial, this Court found that Supreme Foods, Inc., and its employee truck driver were not guilty of any negligence which caused or contributed to the accident resulting in $3,163.30 damages to plaintiff's legally parked automobile. The Court also found that such accident was caused solely by the negligence of the agents and employees of the City of Norfolk in the erection and maintenance by them of a pole with wire attached, which wire was snagged by the top of the Supreme Foods, Inc., truck as it passed along Princess Anne Road, causing the pole to break and fall across the street and onto plaintiff's car.

The 30 foot pole in question had been erected in 1982 east of the intersection of Princess Anne Road with Colley Avenue. It had been installed in the earth there inside the street curbing on the south side of Princess Anne Road. A traffic signal light interconnect cable ran from the hanging overhead traffic lights in the middle of the street intersection to the northeast corner and then diagonally across Princess Anne Road to the pole in question. From there it extended down the pole into the ground and connected with the central traffic control

computer which monitors and synchronizes all traffic light signals in the City.

It was that interconnect cable which the Court determined had sagged down and which the top of the twelve foot high truck snagged and pulled on so that the supporting pole then broke and fell.

These wires and traffic lights and the pole were all erected and maintained by the City of Norfolk as part of its system for the regulation of traffic so as to prevent vehicular and pedestrian accidents at intersections. They had no other purpose.

A municipality is immune from liability for negligence in the exercise of its governmental functions such as this activity of maintaining a traffic control system to protect the general health and safety. *Trans. Inc. v. Falls Church*, 219 Va. 1004 (1974). And while such municipality has a duty to maintain its streets in repair and safe condition for travel, free from defects and obstructions, and can be held liable in damages for its failure to do so, that rule only applies where the defects are in the street itself or the obstructions are placed there by the municipality.

Here, like the failed traffic light which is not a street defect for the purpose of assessing liability, so a sagging traffic signal light cable (or leaning support pole) is not a street defect or obstruction for that purpose.

True, the sagging wire and the falling pole and wires created a street obstruction but "where governmental and propriety functions coincide, the governmental function is the overriding factor." *Trans. Inc. v. Falls Church, supra* at page 1006; and *Taylor v. Newport News*, 214 Va. 9, 10 (1973).

[An order may be presented] noting objections and awarding judgment in favor of both defendants for the reasons here and earlier stated.