# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Artis

v.

City of Alexandria

October 8, 1987

Case No. (Law) 10367

By JUDGE ALFRED D. SWERSKY

This case is before the Court on Defendant's Motion for Summary Judgment. After consideration of the pleadings, the memoranda and cited authorities, the Court is of the opinion that the Motion must be granted.

Plaintiff has filed a Motion for Judgment asking for money damages as the result of a single car accident alleged to have occurred as a result of the City's negligence in failing to "sand, salt or otherwise eliminate" a dangerous condition; to-wit, isolated ice on one of the City's streets. Plaintiff further alleges that the City was on notice of inadequate drainage of surface water in the area and it failed to exercise reasonable care in curing the drainage. Implicit in these allegations is the claim that had the City used due care to eliminate the surface water it would not have frozen and, therefore, Plaintiff would not have skidded on the ice formed by the freezing of the water.

In asserting its governmental immunity, the City concedes that it can be liable in the exercise of its proprietary functions. *Hoggard v. City of Richmond*, 172 Va. 145 (1939). It argues, however, that it does enjoy governmental immunity in such a situation as Plaintiff alleges here.

First, the City claims that the duties of a municipality relating to drainage construction and drainage planning are governmental in nature and it can not be held liable even if the drainage is negligently constructed or planned. The City is correct in this assertion. *Stansbury v. City of Richmond*, 116 Va. 205 (1914); *Byrd v. Martin, Hopkins, Lemon and Carter*, 564 F. Supp. 1425 (W.D. Va. 1983); Code of Virginia, Section 15.1-320. No allegations of any defects in the maintenance of the drainage system is made by Plaintiff.

Next, the City claims it also enjoys immunity for the alleged negligence in failing to remove or otherwise treat the ice formed on its street. A municipality does owe certain duties regarding the maintenance of its streets and the keeping of them free from defects and obstructions. The discharge of these duties has been held to be proprietary in nature. *See City of Richmond v. Branch*, 205 Va. 424 (1964); *City of Norfolk v. Hall*, 175 Va. 545 (1940). Not every municipal activity relating to street maintenance is proprietary. *Fenon v. City of Norfolk*, 203 Va. 551 (1962); *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004 (1979). The test is whether "the act is for the common good of all without the element of special corporate benefit or pecuniary benefit." *Fenon v. City of Norfolk, supra*, at 556.

In *Transportation, Inc. v. City of Falls Church, supra*, the Supreme Court held that in the maintenance of traffic signals there is involved "the purpose of protecting the general public health and safety." This, the Court said is a distinguishing feature of a governmental function. Further, the Court said "where governmental and proprietary functions coincide, the governmental function is the overriding factor." 219 Va. at 1006; *see also, Taylor v. City of Newport News*, 214 Va. 9 (1973).

Here, while street maintenance is involved, the primary purpose in clearing the streets of ice and snow would be to benefit the public health and welfare. It is not a power to be exercised for the primary benefit of the municipal corporation. *Hoggard v. Richmond, supra*, at 148. It is, therefore, a governmental function for which the Defendant enjoys immunity from suit even if negligence could be shown.

In view of this holding it is not necessary to address the City's further argument that it was not on notice of the specific defect in the street and therefore could not have been given the reasonable opportunity to remove the defect.