## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Williams

v.

City of Alexandria,
Ayers, et al.

October 6, 1988

Case No. (Law) 12411

By JUDGE ALFRED D. SWERSKY

This case is before the Court on the Defendant City of Alexandria's Special Plea of Sovereign Immunity. Plaintiff has brought this personal injury action against the City and three other Defendants. The negligence alleged on the part of the City is that it failed to properly maintain and prune a tree causing it to obscure a stop sign at the intersection at which Plaintiff was injured. Plaintiff further alleges that the City was negligent in that it failed to "ensure" that the stop sign was "clearly visible."

The City has asserted its sovereign immunity, arguing that it was engaged in its governmental function in both the maintenance of the stop sign and the maintenance of the tree and is, therefore, immune from suit. Plaintiff agrees that maintenance of the traffic signal is a governmental function for which the City enjoys immunity. *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004 (1979). However, Plaintiff argues that the maintenance of the tree is a proprietary function for which the City may be held liable if negligent. The Plaintiff asserts that maintenance of the tree is analogous to the maintenance of streets and sidewalks which are proprietary functions. *City of Norfolk v. Hall*, 175 Va. 545 (1940). The City

asserts that tree maintenance is a governmental function done for aesthetic and other reasons from which the public benefits and from which there are no pecuniary nor special corporate benefits. Further, the City argues that even if tree maintenance is proprietary, the governmental function of traffic control is the overriding factor under the circumstances of this case.

For reasons that follow the plea of the City must be sustained and this cause dismissed as to the City.

The controlling case is *Taylor v. Newport News*, 214 Va. 9 (1973). In that case, like here, two municipal functions were involved, one proprietary and one governmental. The Court held that where there was such a coinciding of functions, the governmental function would control. Plaintiff in this case was injured, she alleges, as the result of the obscuring of a stop sign by a tree allegedly negligently maintained by the City. Thus, two functions coincide. The first, the maintenance of the stop sign is clearly governmental and the City could not be held liable for negligently obscuring the sign. *Transportation, Inc. v. Falls Church, supra.*

Under the rationale of *Taylor*, assuming *arguendo* that tree maintenance is a proprietary function, the City would still be immune from liability in this suit. It is, therefore, not necessary to decide in this case whether tree maintenance is proprietary or governmental.