## CIRCUIT COURT OF THE CITY OF ROANOKE

Tammy R. Downs, Adm'x of the
Estate of Brenda Carol Downs,
deceased

    v.

City of Roanoke

August 7, 1989

Case No. CL87000880

By JUDGE DIANE McQ. STRICKLAND

The issue to be decided is whether the City of Roanoke enjoys governmental immunity from liability for the actions of its firefighters in the factual context which follows.

The facts are uncontroverted. The incident giving rise to the litigation occurred on November 1, 1985, near the intersection of Shenandoah Avenue with Westwood Boulevard in Roanoke. The decedent, Brenda C. Downs, had been operating a motor vehicle which caught fire and stopped in the westbound lane of Shenandoah. Roanoke City firefighters responded to the call, extinguished the fire and were in the process of interviewing the decedent on the traveled portion of the roadway immediately adjacent to her motor vehicle when she was struck and killed by another motor vehicle. The decedent's administratrix contends that:

> [t]he firefighters, agents and employees of the defendant City of Roanoke, owed plaintiff's decedent the duty of interviewing her in a safe place; to properly and safely mark the

presence of the disabled vehicle; to so place firefighting equipment and flares as to alert oncoming traffic to the presence and location of the accident scene as to safeguard plaintiff's decedent and other members of the general public. (Paragraph 3, Motion for Judgment.)

It is well established in Virginia that "[a] municipal corporation is not liable for the failure to exercise, or for the negligent or improper exercise of its governmental, legislative or discretionary powers, nor is it liable for the *ultra vires* acts of its servants." *City of Richmond v. Virginia Bonded Warehouse Corp., et al.*, 148 Va. 60, 70, 138 S.E. 503 (1927). These governmental powers or functions are those which a municipality performs exclusively for the public good. However, when a municipality functions in its corporate or proprietary character, functioning for its private advantage, it may be liable for negligence or failure in the exercise of such performance. *Hoggard v. City of Richmond*, 172 Va. 145, 200 S.E. 610 (1939). The decision in the present case requires an examination of the numerous cases which have addressed the question of whether an alleged negligent action was a discretionary governmental function or a proprietary, ministerial one.

There is probably no topic of law in which the decisions of the state courts are in greater confusion than that which deals with the distinction between the governmental and proprietary functions of municipal corporations. The Supreme Court of Virginia has held that a municipal corporation acts in its governmental capacity in maintaining a jail, *Franklin v. Richlands*, 161 Va. 156, 170 S.E. 718 (1933); in maintaining a police force, *Burch v. Hardwicke*, 71 Va. 24 (1878); in operating a hospital, *City of Richmond v. Longs Administrators*, 58 Va. 375 (1867); in regulating the use of streets, *Terry v. City of Richmond*, 94 Va. 537 (1898); in removal of garbage, *Ashbury v. Norfolk*, 152 Va. 278, 147 S.E. 223 (1929); in cleaning debris from the streets, *Fenon v. City of Norfolk*, 203 Va. 551, 125 S.E.2d 808 (1962); in maintaining traffic signals, *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004, 254 S.E.2d 62 (1979); and in laying out its streets and walks, *Freeman v. City of Norfolk*, 221 Va. 57, 226 S.E.2d 885 (1980).

On the other hand the Court has ruled that a municipality can be held liable for negligence in the repair or maintenance of its streets and sidewalks, *Richmond Bridge Corporation v. Priddy*, 167 Va. 114 (1936), *Tyler v. City of Richmond*, 168 Va. 308 (1937); or when operating public utilities, *Chalkley v. City of Richmond*, 88 Va. 402 (1891), *City of Richmond v. James*, 170 Va. 553 (1938), or when operating a swimming pool, *Hoggard v. City of Richmond*, 172 Va. 145, 200 S.E. 610 (1939). The Virginia Supreme Court has addressed on at least two occasions the conduct of municipal firefighters. In *City of Richmond v. Virginia Bonded Warehouse Corp.*, 148 Va. 60, 138 S.E. 503 (1927), the Court noted as dicta that the organization and operation of a fire department is a governmental function and that a municipality would not be liable for the loss or destruction of buildings because of an inadequate supply of water or for failure to extinguish fires. However, in the case of *Burson v. City of Bristol*, 176 Va. 53, 10 S.E.2d 541 (1940), the Court held a municipality liable for the negligent actions of members of the fire department in pulling down walls of a previously burned building.

As is apparent from the above-cited authorities, it is a relatively simple matter to cite the test for governmental liability as turning on the distinction between governmental and proprietary actions. It is far more difficult, however, to apply the test to the facts of each case. As local governments continue to be vested with new responsibilities, the distinction between purely public functions and those private enterprises becomes increasingly blurred.

In the present case, the acts of the City's agents which are claimed to be negligent involve the failure to properly mark the presence of a disabled vehicle and to alert oncoming traffic to the presence and location of the accident. These functions are closely akin to the control and regulation of traffic responsibilities which the Supreme Court has held to be governmental for the purpose of protecting the general public health and safety. *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004, 254 S.E.2d (1979); *Freeman v. City of Norfolk*, 221 Va. 57, 226 S.E.2d 885 (1980). In fact, plaintiff goes so far as to state in her motion for judgment that this duty on the part of the firefighters was owed to "other members

of the general public." In managing the accident scene, the firefighters were functioning in a governmental or discretionary capacity for the public welfare; accordingly, the City is immune from liability for their actions or their failure to act.

Plaintiff also charges the City with liability for the negligent conduct of firefighters in failing to interview plaintiff's decedent in a safe place. The cases reviewed do not present any factually similar situation. It must be remembered that the underlying test for determining if a function is governmental is whether the act is for the common good of all without an element of special corporate benefit or pecuniary profit. *Hoggard*, 172 Va. at 150, 200 S.E. at 612. While it cannot be clearly demonstrated that the interview was conducted for the common good of all, it can neither be shown that there was any element of special corporate benefit or pecuniary profit. "Where governmental and proprietary functions coincide, the governmental function is the overriding factor." *Taylor v. Newport News*, 214 Va. 9, 197 S.E.2d 209 (1973). The taking of an investigative report is a fundamental part of a firefighter's responsibilities in much the same manner as that of a police officer. Failure to recognize the qualified immunity from liability of a municipality for the performance of such a task could severely hamper the operation of these departments. Furthermore, fire protection, including the taking of reports, like police protection, and unlike utility services, is afforded without contractual arrangement. Accordingly, this function is more akin to those recognized by the Virginia Supreme Court as governmental than it is proprietary.

For the foregoing reasons, it is the ruling of this Court that the actions of the firefighters were governmental functions, and consequently the City of Roanoke is immune from liability. As defendant has admitted all allegations of the plaintiff for purposes of addressing its special plea of sovereign immunity, no useful purpose would be served by the taking of further evidence herein. Accordingly, counsel for the defendant is requested to draft the appropriate order sustaining its plea and dismissing plaintiff's suit.