## CIRCUIT COURT OF FAIRFAX COUNTY

Catherine Beach

v.

Mid-Atlantic Coca Cola
Bottling Co., Inc.,
Town of Herndon, and
John Peter Kucyk

August 16, 1989

Case No. (Law) 88135

By JUDGE THOMAS A. FORTKORT

This case is before the Court on the Defendant Town of Herndon's demurrer. Plaintiff has brought this personal injury action against the Town and two other Defendants. The negligence alleged on the part of the Town of Herndon is that it failed to both properly maintain and prune certain of its shrubbery and to adequately supervise certain private landowners in maintaining adjacent shrubbery, thereby causing a stop sign to be obscured at the intersection at which Plaintiff was injured. Defendants Mid-Atlantic Coca Cola Bottling Co., Inc., and John Peter Kucyk have raised the same negligence claim against the Town in their cross-claim seeking indemnification or contribution.

For its part, Defendant Town of Herndon relies on the doctrine of sovereign immunity as a complete defense to any tort liability arising out of the injury in question. Oral argument on the sovereign immunity claim was heard by this Court on July 28, 1989. For the reasons stated below, Defendant Town of Herndon's demurrer on grounds of sovereign immunity must be sustained and this cause dismissed as to the Town of Herndon, both under the original Motion for Judgment and the cross-claim.

The law in this Commonwealth concerning a municipality's liability in tort is well settled. The touchstone is whether the activity giving rise to the potential liability occurs during the exercise of the municipality's proprietary or governmental functions. Stated broadly, the municipality may be held liable for the failure to exercise or for negligence in the exercise of its proprietary functions, just as a private individual, while the doctrine of sovereign immunity shields the municipality from all tort liability arising out of the exercise or failure to exercise its governmental functions. *Fenon v. City of Norfolk*, 203 Va. 551, 125 S.E.2d 808, 811 (1962). In addition, where the municipality is simultaneously exercising a proprietary and a governmental function, the governmental function will control. *Taylor v. Newport News*, 214 Va. 9, 10 (1973).

The Plaintiff correctly observes that a municipality generally acts in its proprietary capacity when it discharges its duty to maintain its streets and sidewalks in good repair, free from defects and obstructions. *City of Norfolk v. Hall*, 175 Va. 545, 551-53, 9 S.E.2d 356, 359-60 (1945). The Plaintiff then argues that the Town of Herndon's failure to maintain the shrubbery in question (both its own and that of adjacent landowners) falls within this proprietary activity of sidewalk maintenance. In response, Defendant Town of Herndon argues that the controlling activity in question is maintenance of the stop sign, thus falling under the governmental function of traffic control. *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004, 1005 (1979).

The Court agrees that the gravamen of the complaints against the Town of Herndon is improper traffic control, not faulty shrub maintenance or landowner supervision. Under the rationale of *Taylor*, the Town is immune from tort liability in this suit. In so holding, this Court is in agreement with the Circuit Court of Alexandria, which addressed nearly identical facts in its opinion letter of October 6, 1988, in the case of *Williams v. Ayers, et al.*, Law No. 12411. It is, therefore, not necessary

to decide at this time whether the functions of shrub maintenance or supervision of private landowners in maintenance of their shrubs are proprietary or governmental.