## CIRCUIT COURT OF THE CITY OF ROANOKE

Lawrence W. Lester,
Executor of the Estate of
Jean W. Lester, deceased

v.

City of Roanoke

July 13, 1990

Case No. CL88000165

By JUDGE CLIFFORD R. WECKSTEIN

This is a wrongful death suit against the City of Roanoke. In its grounds of defense, in a plea in bar, and in a motion for summary judgment, the city argues that the doctrine of sovereign immunity requires dismissal of the suit. Upon consideration of the authorities and the arguments and briefs of counsel, I agree.

The plaintiff is executor of the estate of Jean W. Lester, deceased. In his amended motion for judgment, he makes the following factual allegations about the accident which is the subject of this action:

> That on January 9, 1987, at or about 10:18 a.m., on Old Rocky Mount Road in the City of Roanoke, Virginia, Jean W. Lester was driving her 1982 Toyota automobile in a westerly direction when her car drove on one particular area of said road which was covered by a solid sheet of ice, which sheet of ice caused her car to slide off of the road and into a gully, causing injuries to the said Jean W. Lester, from which she died on January 14, 1987. That the sheet of ice which caused the aforesaid accident and

death was caused by water coming up through a hole or holes in the road, running down said road and freezing, in subfreezing temperatures. (Paragraph 2.)

That, for some considerable period of time prior to January 9, 1987, the Defendant was well aware of the aforesaid condition of water freezing into a sheet of ice thereby causing the dangerous situation which caused the death of Jean W. Lester. (Paragraph 4.)

That . . . the Defendant allowed the aforesaid section of road to remain in the aforesaid dangerous condition and failed to warn the deceased Jean W. Lester and other drivers of said known dangerous conditions. (Paragraph 5.)

By agreement of the parties, the Court, for the purpose of ruling on sovereign immunity, considers the matter as on a demurrer, with all well-pleaded factual allegations taken as true, and considered in the light most favorable to the plaintiff. For present purposes only, the city concedes not only the well-pleaded facts, but also that the city was negligent. Considering the plaintiff's claim in the light most favorable to the plaintiff, the city was negligent in these respects:

(A) Having knowledge of a dangerous condition in the roadway, which caused water to enter the roadway and freeze, the city "allowed the aforesaid road to remain in the aforesaid dangerous condition," failed to remove the ice caused by this dangerous condition, or failed to take whatever other action was necessary to maintain the street in reasonably safe condition.

(B) Having knowledge of a dangerous condition in the roadway, which caused water to enter the roadway and freeze, the city failed to warn the plaintiff's decedent and others similarly situated of this condition.

"The doctrine of sovereign immunity 'is alive and well' in Virginia, as a defense to actions in tort . . . ." *Wiecking v. Allied Medical Supply Corp.*, 239 Va. 548 (1990). Early this year, the Supreme Court again declined an invitation to abolish the doctrine. *Gargiulo*

*v. Ohar*, 239 Va. 209, 212 (1990); *see Messina v. Burden*, 228 Va. 301, 307-08, 321 S.E.2d 657 (1984).

"The test for determining a municipality's immunity in this type of situation is well established." *Transportation, Inc. v. Falls Church*, 219 Va. 1004, 1005, 254 S.E.2d 62 (1979): A municipality is immune from liability for negligence in the exercise of its *governmental* functions, though it may be liable (just as a private individual or corporation) for negligence in the exercise of its *proprietary* functions. *Fenon v. Norfolk*, 203 Va. 551, 555, 125 S.E.2d 808 (1962).

Both parties to this action agree that "[a] city has the duty to maintain its streets in repair and in safe condition for travel, free from defects and obstructions; in discharging this duty, a municipality acts in its proprietary capacity. Accordingly, it may be held liable for injuries caused by such defects as dangerous holes or depressions in city streets." *Transportation, Inc., supra*, 219 Va. at 1005 (citations omitted). However, as the parties likewise agree, "not every municipal activity related to street maintenance is proprietary." *Id.*

"The underlying test [for determining the distinction between governmental and proprietary actions] is whether the act is for the common good of all without the element of special corporate benefit, or pecuniary profit. If it is, there is no liability, if it is not, there may be liability." *Fenon, supra*, 203 Va. at 556 (citations omitted). The " 'purpose of protecting the general public health and safety,' [is] a distinguishing feature of a governmental function." *Id.*

I have carefully reviewed the applicable decisions of the Virginia Supreme Court. In these cases, the Court consistently holds that sovereign immunity applies when "general public health and safety" considerations are present. *Transportation, Inc., supra*, 219 Va. at 1005; *see Edwards v. Portsmouth*, 237 Va. 167, 375 S.E.2d 747 (1989). Such considerations almost always are found to be present. Furthermore, "where governmental and proprietary functions coincide, the governmental function is the overriding factor." *Taylor v. Newport News*, 214 Va. 9, 10, 197 S.E.2d 209 (1973). Upon a review of these decisions,

I am impelled to the conclusion that the bar of sovereign immunity applies in this case.[1]

In this case, the plaintiff does not allege that the defect in the roadway was the direct cause of the accident and death of plaintiff's decedent. *Compare Richmond v. Branch*, 205 Va. 424, 137 S.E.2d 882 (1964). He does not allege that the injury was "*caused* by such defects as dangerous holes or depressions in city streets." *Transportation, Inc., supra*, 219 Va. at 1005 (emphasis added). Rather, he alleges that the defect in the street allowed ice to form. It was, according to the amended motion for judgment, the presence of a "solid sheet of ice" which caused the accident. Plaintiff's complaint with the city is that it neither repaired the condition which caused ice to form, nor warned of the possibility of ice, nor removed the ice. I am of the opinion that, in any of these events, sovereign immunity bars the action.

Removal of snow and ice and protection against formation of ice are closely analogous to hurricane damage repair, to street cleaning, and to garbage removal. *Fenon, supra*, 203 Va. 551, and *Ashbury v. Norfolk*, 152 Va. 278, 147 S.E. 223 (1929), govern. *See also* Virginia Code Section 15.1-889; *Edwards v. Portsmouth, supra*, 237 Va. 167. The city acts in its governmental capacity in deciding when, how, and whether to remove snow and ice.

As to warning of potential roadway hazards, *Transportation, Inc.* and *Freeman v. Norfolk*, 221 Va. 57, 266 S.E.2d 885 (1980), govern. Again, the city acted in its governmental capacity in deciding whether to warn, or in negligently failing to warn.

The duties that the plaintiff alleges were breached by the city all come under the rubric of "general public health and safety," and therefore all come within the ambit of sovereign immunity. It is impossible for me to distinguish conceptually the city's negligence in this case from the city's negligence in *Transportation, Inc.* and

---

[1] The city also cites and relies upon an opinion of Judge Alfred D. Swersky of the Circuit Court of the City of Alexandria, Artis v. Alexandria, 11 Va. Cir. 110 (1987). The facts in Artis are similar to those in the case at bar. As the plaintiff notes, the decision of another circuit judge does not constitute binding precedent. However, I do find Judge Swersky's opinion cogent.

*Freeman.* If the city had decided to do what the plaintiff says the city should have done, that decision would have been predicated upon a design to reduce loss of life, limb, and property by preventing vehicular accidents. *Transportation, Inc, supra,* 219 Va. at 1006. At best, the duties breached by the city were mixed governmental-proprietary duties, in which case the governmental duty is the dominant one, and the bar of sovereign immunity applies. *Id.*

The plaintiff relies upon street maintenance cases, *e.g., Richmond v. Branch, supra,* 205 Va. 424; *Norfolk v. Hall,* 175 Va. 545, 9 S.E.2d 356 (1940), which are factually inapposite to the case at bar. The plaintiff also cites three New York decisions. I am satisfied that the decisions of the Virginia Supreme Court answer the question posed in this case, obviating any necessity to seek guidance in opinions from other jurisdictions.

In arguing on brief that the city violated proprietary duties it owed to the plaintiff, counsel for the plaintiff avers that, in answers to interrogatories, "the Defendant recognized that the ice formation could only be corrected by a repair project on the road and road bed and that it was the Defendant's responsibility to make the repairs, and that on February 24, 1987, (46 days after the accident which killed Mrs. Lester) the Defendant did approve a plan to do repair work to the road and road bed which did in fact stop the water flowing through the road which formed the ice which killed Mrs. Lester." Assuming it to be true that "a plan to do repair work" and a "repair project" were needed (and leaving aside the inadmissibility of subsequent remedial measures to prove negligence, Virginia Code § 8.01-418.1), this argument avails the plaintiff little, for when a city adopts "plans" and "projects" for its street systems, it acts in its governmental function. *Cf. Freeman v. Norfolk,* 221 Va. at 59; *Norfolk v. Hall, supra,* 175 Va. at 551. It is worth reiterating that plaintiff's claim is that an ice formation, and not an inherent street defect, was the producing cause of the accident.

In the duties that the plaintiff alleges the city breached in this case, there is no "element of special corporate benefit, or pecuniary profit," *Fenon, supra,* 203 Va. at 556, indicative of the exercise of proprietary

functions. (To the extent that the motion for judgment might be construed as alleging that the city's design of its storm drain system was inadequate, sovereign immunity also would apply. *Cf.* Virginia Code § 13.1-320(8); *Edwards v. Portsmouth, supra,* 237 Va. 167; *but see* 39 Am. Jur. 2d *Highways, Streets, and Bridges,* § 516.)

Because sovereign immunity bars the action, Mr. Anderson will please prepare and tender an order, duly endorsed, sustaining the city's plea in bar and motion for summary judgment.