## CIRCUIT COURT OF SMYTH COUNTY

Judy Ann Woods

v.

W. & L. Construction
and Paving, Inc., et al.

December 14, 1990

Case No. (Law) 90-3145

By JUDGE CHARLES H. SMITH, JR.

The plaintiff filed this law suit on June 7, 1990, seeking damages for personal injuries allegedly sustained as the result of an automobile accident that occurred in the Town of Marion on January 30, 1990. At 8:30 a.m. on that day, the plaintiff was operating her automobile in a northerly direction on Pendleton Street at its intersection with Cherry Street. At the same time, the defendant, Walker, was operating a vehicle owned by the defendant, W. & L. Construction & Paving, Inc., in the same direction on the same street. The Walker vehicle rear-ended the plaintiff's vehicle thereby causing the property damages and personal injuries complained of. Concerning the defendant, Town of Marion, the plaintiff contends it was their duty:

> to keep and maintain its streets in a reasonably safe condition for public use and travel and to warn of any dangers which might exist upon such streets as a result of broken pipelines which permitted water to flow upon the streets and freeze.

The plaintiff contends the town was negligent in that it:

> permitted the streets at the intersection of Pendleton and Cherry to become dangerous as a result of water leaks and frozen water on the surface of said streets, despite the fact that it knew, or in the exercise of reasonable care, should have known of said condition . . . .

The town has filed a motion to dismiss this case as to them pleading the doctrine of sovereign immunity as a bar to the plaintiff's claim against it. This matter was argued before the court on October 22, 1990, and the defendant, Town, filed a memorandum in support of its plea at that time. The court then took the matter under advisement in order to allow counsel for the other parties to submit their briefs and reply. The matter has now been thoroughly briefed and is mature for decision.

For purposes of ruling on the plea of sovereign immunity, the court will consider the matter as on a demurrer, with all well-pleaded facts taken as true and considered in the light most favorable to the plaintiff. At the hearing on the plea, counsel for plaintiff indicated his intention to amend his motion for judgment to allege negligence by the city in the maintenance or operation of the Town's water system. The court does not consider that allegation to have been properly pleaded at the time of the hearing and, therefore, is not before the court for decision at this time. Rule 1:8.

The doctrine of sovereign immunity derives from the ancient maxim that the "king can do no wrong." Thus it was in feudal times that a suit was not allowed by a vassal against his lord nor by a subject against his king. In modern days, however, this ancient maxim has been watered down and whittled away at by state legislatures and courts in recognition of the fallacy and injustice of this theory. The protection of the public purse is no longer a great concern since liability insurance coverage is commonly available to the sovereign and its employees. Consequently, certain well-organized exceptions to the doctrine have evolved. As an example, the Virginia Tort Claims Act has been enacted by the General Assembly to

waive the sovereign immunity to a limited extent in certain cases. Counties, likewise, may also be sued by virtue of enabling legislation. Section 15.1-550 *et seq.* of the Code. Municipalities, on the other hand, do not share the general blanket immunity of the state and counties since they are created for the interest of the people in a specific locality and not for the public as a whole.

> A municipality has a dual character, one public and one private, and exercises two types of functions, governmental and proprietary. Whether a municipality is immune from suit depends upon whether the act or omission complained of occurred in the performance of governmental or proprietary functions of the municipal government.

"Liability of Counties and Municipalities in Tort," *The Journal of the Virginia Trial Lawyers Association*, Volume I, No. 2, September, 1989.

A review of the case law on the subject in the Commonwealth leaves one fairly well perplexed. There is very little by way of definitive guidance for the trial courts in the Supreme Court cases; there is a divergence on the subject in the trial court's opinions and "ne'er the twin shall meet." Obviously, a decision as to whether the doctrine is applicable in a given case revolves upon a close scrutiny of the particular factual allegations.

The tests for determining a municipality's immunity is this type of situation is well established:

> In Virginia a municipal corporation is clothed with a two-fold function -- one governmental and the other proprietary. A municipality is immune from liability for failure to exercise or for negligence in the exercise of its governmental functions. It may be liable, just as a private individual or corporation, for the failure to exercise or for negligence in the exercise of its proprietary functions. *Fenon v. City of Norfolk*, 203 Va. 591 (1962); *Trans, Inc. v. Falls Church*, 219 Va. 100 (1979).

In those two cases, the Supreme Court recognized:

> A city has the duty to maintain its streets in repair and in safe condition for travel, free from defects and obstructions; in discharging this duty, a municipality acts in its proprietary capacity. Accordingly, it may be held liable for injuries caused by such defects as dangerous holes or depressions in city streets. (Citations omitted.)

The *Trans, Inc.* case involved an intersection collision caused by a malfunctioning traffic light. In that case, unlike the one at bar, the city was even on notice that the signal was malfunctioning. In the *Fenon* case, the plaintiff passenger was injured when the vehicle in which he was riding struck a tree trunk negligently left extending into the roadway by a city work crew which had been removing fallen trees from city streets following a hurricane. In affirming the trial court's ruling in each of these cases, the Supreme Court stated:

> But not every municipal activity related to street maintenance is proprietary . . . .
> Admittedly, the repair of a malfunctioning traffic signal bears some relationship to street maintenance and displays, therefore, a characteristic of a proprietary function. But a system of signals is designed to regulate traffic, and its dominant purpose is to reduce loss of life, limb, and property by preventing vehicular and pedestrian accidents at intersections. Thus, in the activity of maintaining traffic signals, as with the removal of fallen trees in *Fenon*, there is involved the purpose of protecting the general public health and safety, a distinguishing feature of a governmental function. And, where governmental and proprietary functions coincide, the governmental function is the overriding factor. *Trans, Inc.*, at 105-106.

The case most closely analogous to the case at bar is the Circuit Court case of *Lawrence W. Lester, Executor, etc. v. City of Roanoke*, 20 Va. Cir. 319 (1990), cited

by the defendant, Town, in its reply memorandum. In that case, the plaintiff's decedent was killed as a result of sliding off of an ice-covered city street. In that case, Judge Weckstein, after reviewing the applicable case law, sustained the defendant city's plea of sovereign immunity. I agree with Judge Weckstein's assessment of this type of situation. The removal of snow and ice from city streets and the protection against the formation of same are closely analogous to repairing damages done by hurricanes, to street cleaning, to garbage removal, and to traffic signal repair. The city acts within its governmental capacity in deciding when, how, and whether to remove snow and ice or garbage and debris or to make such repairs.

> The duties that the plaintiff alleges were breached by the city all come under the rubric of general public health and safety, and therefore, all come within the ambit of sovereign immunity . . . . If the city had decided to do what the plaintiff says the city should have done, that decision would have been predicated upon a design to reduce loss of life, limb and property by preventing vehicular accidents. [Citation omitted.] At best, the duties breached by the city were mixed governmental-proprietary duties, in which case the governmental duty is the dominant one, and the bar of sovereign immunity applies.

*Lester*, 20 Va. Cir. at 322-323.

For the reasons stated, I will grant the motion of the defendant, Town of Marion.