## CIRCUIT COURT OF THE CITY OF RICHMOND

Mary F. Miles

v.

City of Richmond, etc., et al.

December 19, 1991

Case No. LS–1509–2

BY JUDGE RANDALL G. JOHNSON

This is an action by plaintiff for personal injuries allegedly sustained in an elevator mishap at Richmond's City Hall. Defendants are the City of Richmond and Otis Elevator Company. Presently before the court is the city's plea of sovereign immunity.

The doctrine of sovereign immunity for municipal corporations is firmly established in Virginia. Where a city performs a governmental function, it is exempt from liability for any injury caused by the negligent exercise of that function. *See generally*, 13 Michie's Jurisprudence, *Municipal Corporations*, § 102 (p. 181), and the cases there cited. What is often not clear, however, is whether a particular function is governmental, it being equally firmly established that cities *are* liable for negligence committed in the performance of non-governmental, or proprietary, activities. *Id.* It is that question which the court must answer in deciding the city's plea here. The court concludes that the operation and maintenance of a city hall is governmental. It is clear that the City of Richmond performs a multitude of governmental functions and a multitude of proprietary functions. It is also clear that many of the persons and agencies charged with performing those functions — governmental and proprietary — are located in Richmond's City Hall. Indeed, many of the individual persons and agencies themselves perform both governmental *and* proprietary functions. For example, when the city's works department

repairs a traffic light, it is engaged in the regulation of traffic — a governmental function. *Transportation, Inc. v. City of Falls Church,* 219 Va. 1004, 1006, 254 S.E.2d 62 (1979). But when the same works department repairs the surface of a street, it performs a proprietary function. *Richmond v. Branch,* 205 Va. 424, 428–429, 137 S.E.2d 882 (1964); *City of Norfolk v. Hall,* 175 Va. 545, 551–53, 9 S.E.2d 356, 359–60 (1940). It would do little good, then, to spend much time considering the various agencies and departments of the city which are located in City Hall, or determining whether such agencies and departments engaged in governmental or proprietary activities. It is only important to recognize that both governmental and proprietary functions are carried out in City Hall and that both types of functions are planned, directed, and controlled by agencies and departments located there.[1]

In *Taylor v. Newport News,* 214 Va. 9, 197 S.E.2d 209 (1973), the Supreme Court made it clear that "where governmental and proprietary functions collide, the governmental function is the overriding factor." 214 Va. at 10. Governmental and proprietary functions "collide" in City Hall, Moreover, the court concludes that the operation and maintenance of the physical plant in which governmental functions are performed are themselves governmental functions. Indeed, the court can think of few activities which are more essential to government than the provision of a place for government to function. The court holds that the operation and maintenance of Richmond's City Hall is a governmental function of the City of Richmond. Accordingly, the City is immune from liability for its negligence in such operation and maintenance.

---

[1] At the hearing on the city's plea, counsel informed the court that at the time of her accident, plaintiff was on her way to the zoning administration, an agency which, in the court's opinion, normally engages in a governmental function. This fact, however, plays no part in the court's decision, the court being of the opinion that it is the operation and maintenance of City Hall and not the purpose of each invitee's visit, which controls.