## CIRCUIT COURT OF AMHERST COUNTY

Lewis Elwood Clingenpeel

v.

City of Lynchburg

### April 10, 1992

By Judge J. Michael Gamble

I heard arguments on April 6, 1992, on the motion of the Defendant to grant summary judgment on the basis of governmental immunity claimed by the Defendant.

This is an action brought by the Plaintiff resulting from an automobile accident that occurred near the John Lynch Bridge on Route 29 Alternate on March 20, 1989. The motor vehicle operated by the Plaintiff collided with a "street sweeper" owned by the City of Lynchburg. Upon a review of the pleadings and the answers to the request for admissions and the arguments on April 6, 1992, it appears that the Plaintiff was operating his motor vehicle in a southerly direction on Route 29 Alternate in the left hand southbound lane. The Plaintiff was proceeding towards the City of Lynchburg and the John Lynch Bridge. The Defendant's employee was operating the street sweeper which was performing routine street sweeping operations on the John Lynch Bridge. Apparently, the street sweeper had been operated in a southerly direction from the city limits of the City of Lynchburg to Amherst County and had turned and started street sweeping operations towards the City of Lynchburg. The James River, which the John Lynch Bridge crosses, is the dividing line between Amherst County and the City of Lynchburg. The actual location of the collision was in Amherst County just outside of the city limits of the City of Lynchburg.

The Defendant has raised the defense of governmental (sovereign) immunity.

Governmental immunity is a doctrine that is alive in the State of Virginia. In *Ashbury v. Norfolk*, 152 Va. 278, 282, 147 S.E. 223

(1929), the Supreme Court of Virginia has stated with reference to governmental immunity the following:

> The performance of duties that relate to the preservation of the public health and the care of the sick is likewise of concern to the public as a whole; in executing this function, the municipality and the officers through whom it acts perform governmental, or public, as distinguished from mere corporate, or private duties, for which there is no liability, and the officers and agencies engaged in the performance of such duties are public officers for whose torts the municipal corporation is not responsible.

Thus, it seems that the Supreme Court of Virginia has distinguished governmental functions from private functions which a municipality may exercise. In the first instance, the municipality is immune from any liability. In the second instance, it may be liable. In later cases, this has been called a distinction between governmental function and proprietary function. A municipality is immune from liability from the exercise of actions that constitute negligence in "governmental functions," but is liable, just as a private corporation or individual, for negligence in the exercise of "proprietary functions." *Fenon v. City of Norfolk*, 203 Va. 551, 555, 125 S.E.2d 808, 811 (1962).

It appears that the Supreme Court of Virginia decided as long ago as 1929 that sweeping the streets is a governmental function. In *Ashbury v. Norfolk, id.*, at 282–283, the Supreme Court of Virginia held:

> But nothing else appearing, we are of the opinion that, when sweeping the streets, a municipality is exercising its discretionary powers to protect public health and comfort and is not performing a special corporate or municipal duty to keep them in repair.

The Court in *Ashbury* went further at page 283 to hold that likewise the removal of garbage is a governmental function.

It is certainly true that the Supreme Court of Virginia has held that municipal maintenance of public streets and sidewalks is a proprietary function. *City of Norfolk v. Hall*, 175 Va. 545, 551–552, 9 S.E.2d 356, 359 (1940). However, as noted in *Taylor v. Newport News*, 214 Va. 9, 10, 197 S.E.2d 209, 210 (1973), the proprietary function only applies to an actual "defect" in the street or sidewalk.

The problem in the instant case was not a defect in the road. The city was merely undertaking routine street sweeping operations. The

allegations in the motion for judgment do not allege any actual defect in the street, nor do the admissions in the request for admissions admit any actual defects in the street or bridge.

Further, the Supreme Court of Virginia, in *Fenon v. City of Norfolk*, 203 Va. 551, 556, 125 S.E.2d 808 (1962), again held that cleaning of streets is a governmental function:

> With the cleaning of streets and the removal therefrom of garbage and rubbish having been held to be a governmental function when performed in normal, everyday living, the cleaning of streets and the removal therefrom of tree wreckage and other debris resulting from such disasters as here disclosed must with all greater force of logic be held to be a governmental function.

*Fenon* involved a situation where the streets had been littered with tree wreckage and other debris resulting from a hurricane. Nonetheless, the court in *Fenon* held that cleaning of streets is a governmental function when it is done on a routine basis.

Likewise, in *Bialk v. City of Hampton*, 226 Va. 56, 58 (1991), the Supreme Court of Virginia held that the clearing of snow from a street was a governmental function rather than a proprietary function, and any injury resulting from negligent acts in clearing snow from the street is protected by governmental immunity. The Court in *Bialk* noted that the test of whether a function is governmental or proprietary is whether it is done by the municipality for the common good without the element of corporate benefit or pecuniary profit. *Id.* at 59.

It is certainly clear in the instant case that sweeping the John Lynch Bridge with a city street sweeper is for the common good and certainly not for any private corporate benefit or profit. Accordingly, the Defendant's motion for summary judgment based on governmental immunity must be granted.

The Plaintiff has furnished the Court with a copy of *Colby v. Boyden*, 241 Va. 125, 400 S.E.2d 184 (1991). This case is not applicable because (1) the municipal corporation was not a party in that case, and (2) the facts of the instant case do not disclose that "gross negligence" occurred.