## CIRCUIT COURT OF THE CITY OF RICHMOND

Harold Evans

v.

City of Richmond,
J. E. Hanger, Inc., and
Heindel-Evans, Inc.

November 9, 1993

Case No. LW–2253–3

BY JUDGE T. J. MARKOW

This matter came on October 14, 1993, for argument on the City of Richmond's Demurrer and Plea of Governmental Immunity and J. E. Hanger, Inc.'s Demurrer.

Plaintiff seeks damages for personal injuries allegedly sustained while attempting to steer his bicycle from the street onto the sidewalk in front of 201 North Belvidere Street in Richmond, Virginia. Plaintiff alleges that his bicycle hit the raised edge of the driveway located between the street and the sidewalk, causing him to be thrown from his bicycle. Plaintiff contends that Defendant J. E. Hanger, Inc., who did not own the property on which the accident occurred, owed a duty to persons using the street and the driveway "to construct the driveway in a safe manner," and "breached that duty by constructing the driveway two inches above the level of the [street]." Plaintiff contends that Defendant City of Richmond owed a duty to all persons and the plaintiff "to assure that the driveway was constructed in a safe manner, to approve the construction only if the driveway was so constructed, and to maintain safe conditions along the [street] and sidewalk," and "breached [that] duty by approving the [] construction . . . and by allowing that known, unsafe condition to continue."

Defendant City of Richmond demurs on the ground that plaintiff fails to set forth the violation of a duty cognizable under Virginia law that was owed by the City to plaintiff. In addition, the City pleads

governmental immunity, arguing that in approving construction of streets and sidewalks, the City was engaged in a governmental function and thus is immune from liability. The Court agrees with the City that it is immune from liability in approving a plan of construction and in allowing the allegedly unsafe condition to continue. *See, e.g., Taylor v. City of Charlottesville*, 240 Va. 367 (190); *Freeman v. City of Norfolk*, 221 Va. 57 (1980). Moreover, the Court agrees with the City that plaintiff has failed to allege any facts concerning the City's alleged failure to maintain the streets in a safe condition, and thus the demurrer is sustained as to plaintiff's claim of improper maintenance by the City.

Defendant J. E. Hanger, Inc., demurs on the ground that plaintiff has not alleged any facts which constitute a duty owed to the plaintiff by J. E. Hanger. Plaintiff has not alleged that the accident occurred on Defendant Hanger's property. The Court agrees with Defendant J. E. Hanger that plaintiff has not pleaded facts which constitute a duty to the plaintiff and/or breach of that duty by J. E. Hanger.

Accordingly, it is ordered that Defendant City of Richmond's demurrer is sustained without leave to amend and that Defendant J. E. Hanger's demurrer is sustained without leave to amend. This case shall be, and it hereby is, dismissed with prejudice. The exceptions of the plaintiff are noted, and endorsements are waived.