## CIRCUIT COURT OF LOUDOUN COUNTY

Thomas Farndon

v.

Commonwealth of Virginia

Case No. (Law) 18585

Lisa Zangla

v.

Commonwealth of Virginia

Case No. (Law) 18586

August 5, 1999

BY JUDGE CARLETON PENN

The Commonwealth of Virginia has combined in one pleading its demurrer and plea of sovereign immunity. It was argued July 21, 1999, and taken under advisement.

Upon the court's study of the authorities filed, it is of the opinion that the demurrer in each case must be sustained. Paragraph 7 of each Amended Motion for Judgment alleges that the Commonwealth "(b) placed retaining (jersey) walls in the right westbound lane of State Route 7, thereby limiting the width of dual lane highway available for safe passage for members of the public; and (c) failed to adequately maintain a proper shoulder along the left westbound lane of State Route Seven; and (d) failed to post proper signage warning motorists of road defects and construction activity."

While *Freeman v. City of Norfolk*, 221 Va. 57, 266 S.E.2d 885 (1980), dealt with a municipality, the same principle of law is appropriate here.

Traffic lights, blinking lights, warning signals, roadway markings, railings, barriers, guardrails, curbings, and like devices are all designed to control and regulate traffic and to insure its orderly and safe flow on the streets. A determination of the need for such devices and the decision to install or not to install them calls for the exercise of discretion on the part of the city. In the exercise of that discretion and in making a judgment, the city is performing a governmental function and is not liable for its negligent performance of the function.

*Id.* at 60.

As to those matters pleaded in subsections (b) through (d) of Paragraph 7 of the Motions for Judgment, the court sustains the Plea of Sovereign Immunity and will enter final judgment.

As to subsection (a) of said Paragraph 7 "allowing a crevice to remain on the left westbound lane of State Route Seven;" as pleaded, it does not constitute a claim that the condition of the paved surface of State Route Seven caused the accident. Plaintiffs complain of but a "crevice" in the left westbound lane. *Freeman* suggests the need to deal "with dangerous defects, depressions, or obstructions in a street." Plaintiffs, respectively, are granted leave, if they be so advised, to plead over as to said subsection (a) of Paragraph 7.