# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Judith H. Murray

v.

Horton Automatics et al.

July 21, 2000

Case No. (Law) CL99-159

BY JUDGE EDWARD L. HOGSHIRE

In this personal injury case, Defendant Jefferson-Madison Regional Library (the "Library") has filed a Special Plea of Sovereign Immunity. After reviewing the briefs and evidence of the parties and listening to oral argument, the Court finds that the Library's plea should be granted.

*Statement of Facts*

On July 29, 1997, Judith H. Murray entered the Library for the purpose of returning books and reading materials. Plaintiff proceeded to the automatically closing door located at the front entrance to the Library with books and periodicals in her arms and pulled the door to open it. Plaintiff began to walk through the doorway and unintentionally dropped some of her reading materials. She stooped down to retrieve the books off the floor. The door began closing and struck and injured Plaintiff.

*Discussion*

The Library was formed in 1972 when the Counties of Albemarle, Louisa, Nelson, and Greene, and the City of Charlottesville joined together to "establish a free library system." *See* Virginia Code § 42.1-37. Four of the five entities which comprise this regional library system are county governments

entitled to sovereign immunity for the purposes of tort liability. However, the City of Charlottesville, as a municipality, does not enjoy the same absolute immunity as an arm of the Commonwealth or a county. *See VEPCO v. Hampton Red. Auth.*, 217 Va. 30 (1976). "A municipality acts in a dual capacity, the one governmental and the other proprietary. In failing to perform or in negligently performing governmental functions, the municipality is immune from tort liability. With respect to proprietary functions, however, it is not so immune." *Id.* at 34. The Court finds that because of Charlottesville's participation in the coalition, the Library assumes quasi-municipal status. As such, the question of the Library's immunity turns on whether the operation of the Library is primarily a governmental or proprietary function.

Governmental functions are those which advance the general benefit and well-being of the public. *See Edwards v. City of Portsmouth*, 237 Va. 167 (1989). In contrast, proprietary functions are carried out primarily for the benefit of the municipality, rather than the public. *See VEPCO*, 217 Va. at 33. "The underlying test is whether the act is for the common good of all without the element of special corporate benefit, or pecuniary profit." *Hoggard v. Richmond*, 172 Va. 145, 150 (1939).

The Court finds that the Library performs the governmental function of providing educational materials and services for the benefit of the general public. The Library's by-laws express this intent: "The mission of the Jefferson-Madison Regional Library is to be a dynamic civic resource that is committed to providing informational and recreational materials and services which best anticipate and respond to the needs, interests, and concerns of all individuals and groups within the region." *By-Laws for the Library Board of Trustees of the Jefferson-Madison Regional Library*, Art. I, § 2, ¶ 1.

The Court is not persuaded by Plaintiff's argument that the Library's services are not governmental because private entities may also perform similar services. *See Edwards*, 237 Va. at 171 (holding that ambulance services are still governmental in nature even though similar services may be provided by private entities). Free libraries such as this one are traditionally a governmental service provided for the public's benefit. The Court disagrees with Plaintiff's argument that exacting late fines and charging out-of-state user fees (up to $23.00 per year) renders the Library's services proprietary.[1] *See id.* at 172 (holding that charging fees does not render governmental ambulance services proprietary). As Plaintiff concedes, the Library is not a profitable

---

[1] The Court has considered the arguments made in the Addendum to Plaintiff's Memorandum in Response and addressed them in this letter opinion. The Court denies the Library's motion to quash this filing.

enterprise. These fees appear to be more for the purpose of discouraging overdue books and offsetting the costs of usage by non-tax paying, out of state users. The primary function of the Library is to provide a free service, lending books and materials to the region's citizens. In addition, "where governmental and proprietary functions coincide, the governmental function is the overriding factor." *Transportation, Inc. v. City of Falls Church,* 219 Va. 1004, 1006 (1979).

## Conclusion

The Court finds that the Library exercises a governmental function. The operation of the Library advances the general benefit and well-being of the public by providing free educational services. The Library acts for the common good of all of the region's citizens and not primarily for the benefit of the local government. Consequently, the Court finds that the Library's Special Plea of Sovereign Immunity should be granted.