# CIRCUIT COURT OF THE CITY OF PETERSBURG

S & S Ventures

v.

City of Petersburg

January 12, 2012

Case No. CL11-497

By Judge Pamela S. Baskervill

The exhibits filed with the Bill of Particulars indicate plaintiff owns a beautifully renovated duplex. According to the Bill of Particulars, these properties were damaged when they "were flooded by clogged sewer and storm drain line . . . overflowing as result of the rain and snow runoff," (¶ 6) and "the City of Petersburg Plumbing Inspector did not catch the needed back flow valves during their inspection of the property during the renovations two years prior." (¶ 18.)

Based upon the plaintiff's Bill of Particulars, the statutory and case law, and argument of counsel on Defendant's Special Plea of Sovereign Immunity, the Court finds as follows.

As to the maintenance of the stormwater drainage system, it is a governmental function pursuant to the provisions of § 15.2-970 of the Code of Virginia.

As to the maintenance of the sewer line, the Court recognizes that the case of *Chalkley v. City of Richmond*, 88 Va. 402, 14 S.E. 339 (1891), cited by the plaintiff, seems to hold such is a proprietary function. However, this function is one for the health and safety of all of the citizens and, as a result, more persuasively characterized within the activities deemed by the Supreme Court of Virginia in its more recent cases to be a governmental function. Even if the Court agrees with the plaintiff that it is a proprietary function, *Taylor v. Newport News*, 214 Va. 9, 197 S.E.2d 209 (1973), holds that, when governmental and proprietary functions coincide, as the

allegations of the Bill of Particulars indicate, the governmental function is the overriding factor.

As to the enforcement of an alleged building code provision, this function is one for the health and safety of all of the citizens and, as a result, is a governmental function.

The alleged negligence of the City being in the performance of governmental functions or, in its best light for the plaintiff, a combination of governmental and proprietary functions, the Court finds the City is immune from liability for any such negligence and the Plea of Sovereign Immunity is sustained.