JAMES C. BIALK

V.

CITY OF HAMPTON

Record No. 901471

June 7, 1991

Present: All the Justices

*Robert F. Haley, II (Chandler, Franklin & O'Bryan*, on brief), for appellant.

*Phillips M. Dowding (Thomas E. Glascock; Glascock and Martin*, on brief), for appellee.

JUSTICE RUSSELL delivered the opinion of the Court.

This case turns upon the question whether a city was engaged in a governmental function or a proprietary function while clearing snow from its streets in an alleged emergency situation that resulted from a winter storm.

James C. Bialk (the plaintiff) brought this action against the City of Hampton (the City) to recover damages for personal injuries he received when he was struck by snow thrown from the blade of a snowplow which was being operated by a City employee. The City filed a motion for summary judgment, raising the defense of governmental immunity. After hearing evidence on the motion, the trial court ruled that the City was immune from suit and entered summary judgment in the City's favor on August 6, 1990. We granted the plaintiff an appeal.

The evidence at the hearing consisted solely of the testimony of Connell Dean Spangler, the Superintendent of Streets and Roads for the City's Public Works Department. He testified that, normally, the employees of the City's Public Works Department cease work at 3:00 p.m. Friday and do not resume work until the following Monday morning, unless Monday is a holiday. Because Monday, February 20, 1989, fell on a holiday, the public works employees were not scheduled to resume work until Tuesday, February 21.

A part of the superintendent's duty is to monitor the daily weather forecasts. During the evening of Friday, February 17, a winter storm began which continued until Sunday, February 19, depositing 15.4 inches of snow on the City of Hampton. The su-

perintendent put snow removal crews to work from 8:30 p.m. Friday, when the snowfall began, through midnight Monday.

The crews worked around the clock over the weekend to remove as much snow as possible from the arterial and collector streets of the City, because another snowstorm was forecast to begin soon thereafter. From Friday through Monday, the City expended 1,206 man hours of labor, approximately 175 tons of sand, and approximately 85 tons of salt in this effort.

The motion for judgment alleged that the plaintiff was shoveling snow from his driveway entrance on East Little Back River Road, in the City, on the morning of Sunday, February 19. According to the plaintiff, a snowplow, operated at a high rate of speed by a City employee, passed along the street and caused snow to be thrown against him with great force, causing injuries.

As has often been said, a municipal corporation has both governmental and proprietary functions. It is immune from liability for negligence in the exercise of its governmental functions, or for its failure to exercise them, but it may be liable, as would a private person, for negligence in the exercise of its proprietary functions. *Taylor* v. *City of Charlottesville*, 240 Va. 367, 370, 397 S.E.2d 832, 834 (1990). Generally, the planning, designing, laying out, and construction of streets and roads has been held to be a governmental function, *id.* at 371, 397 S.E.2d at 835, while the routine maintenance of existing streets has been held to be proprietary, subjecting a city to liability for its failure to maintain its streets in good repair and in safe condition for travel, free from dangerous defects or obstructions. *City of Richmond* v. *Branch*, 205 Va. 424, 428, 137 S.E.2d 882, 885 (1964).

Where injury results from a defect in the street, a city may be liable for its failure to maintain the street in a safe condition, but where injury results from the negligence of a city employee engaged in the exercise of a governmental function *in* the street, then the city is immune. In the latter circumstances, we have said that when governmental and proprietary functions coincide, "the governmental function is the overriding factor." *Taylor* v. *Newport News*, 214 Va. 9, 10, 197 S.E.2d 209, 210 (1973) (fall caused by slippery substance left on sidewalk by city garbage collector).

In *Fenon* v. *City of Norfolk*, 203 Va. 551, 125 S.E.2d 808 (1962), we considered a tort claim against a city arising from an injury sustained when a car struck a tree, felled by a storm and

obstructing a street. The fallen tree was one of some 800 downed trees blocking the streets of Norfolk in the wake of Hurricane Donna, which struck the area in 1960. We held that the city's effort to cope with the emergency situation resulting from the storm was the exercise of a governmental function, not routine street maintenance. We also restated a frequently-applied test: if the act in question is done by the municipality for the common good, without the element of corporate benefit or pecuniary profit, it is a governmental act entitled to governmental immunity. *Id.* at 556, 125 S.E.2d at 812.

■ Because the City's snow-removal operations in this case were acts done for the common good in coping with an emergency, they constituted the exercise of a governmental function. Although that function coincided with the City's proprietary function of keeping its streets in safe condition for travel, where those functions coincide, "the governmental function is the overriding factor." The trial court correctly ruled, therefore, that the City was entitled to governmental immunity.

Accordingly, the judgment will be

*Affirmed.*