## CIRCUIT COURT OF THE CITY OF RICHMOND

Tony J. Chiles

v.

Earl Haddon Gray
and Richmond Metropolitan Authority

January 3, 1996

Case No. LA-1269-4

BY JUDGE RANDALL G. JOHNSON

This case is before the court on defendant Richmond Metropolitan Authority's (RMA) plea of sovereign immunity. The plea is overruled.

From the pleadings, the following facts emerge. On February 13, 1994, plaintiff was riding his bicycle on the Boulevard Bridge in Richmond. The bridge was, and is, owned, operated, and managed by RMA. Sometime prior to plaintiff's accident, it had snowed, and snow and ice were still present on the sidewalk of the bridge even after, according to the motion for judgment, "a sufficient amount of time had elapsed to allow for the removal of such snow and ice." Because of the snow and ice, plaintiff was on the roadway portion of the bridge and not on the sidewalk. He was struck by a car driven by defendant Earl Gray and injured.

The parties agree that RMA is entitled to sovereign immunity to the same extent that a municipality is entitled to such immunity. The court also agrees. *See City of Richmond v. Richmond Metropolitan Authority*, 210 Va. 645, 172 S.E.2d 831 (1970), in which the Supreme Court held that for purposes of the Proration Act, former Va. Code § 58-822, RMA is a municipal corporation. Under long-standing principles, a municipal corporation is immune from liability for acts of simple negligence in the performance of governmental functions. It is not immune from liability for

acts of negligence in the performance of proprietary functions. While different factual scenarios have created great debate about what are governmental functions and what are proprietary functions, it is now settled in Virginia that while the planning, designing, laying out, and construction of streets and roads are governmental functions, the routine maintenance of existing streets and roads is proprietary. *Bialk v. City of Hampton*, 242 Va. 56, 58, 405 S.E.2d 619 (1991); *Taylor v. City of Charlottesville*, 240 Va. 367, 370-71, 397 S.E.2d 832 (1990). It is plaintiff's position that because a significant amount of time had passed between the end of the last snowfall and plaintiff's accident, RMA's removal of snow and ice from the bridge, or its failure to remove the snow and ice, falls under the category of routine maintenance, and was therefore proprietary. Naturally, RMA disagrees.

In *Fenon v. City of Norfolk*, 203 Va. 551, 125 S.E.2d 808 (1962), the Supreme Court considered a tort claim against a city arising from an injury sustained when a car struck a tree which had been felled by a storm and was obstructing a street. The fallen tree was one of some 800 downed trees blocking the streets of Norfolk in the wake of Hurricane Donna, which struck the area in 1960. The Court held that the city's effort to cope with the "emergency situation" resulting from the storm was the exercise of a governmental function, not routine street maintenance. 203 Va. at 555-56.

In *Bialk v. City of Hampton, supra,* plaintiff sought to recover damages for personal injuries received when he was struck by snow thrown from the blade of a snowplow which was being operated by a city employee. In affirming the trial court's order sustaining the city's plea of sovereign immunity, the Court cited its opinion in *Fenon* and held that the City of Hampton was entitled to sovereign immunity for negligence committed during its snow-removal efforts. Specifically, the court stated:

> Because the City's snow-removal operations in this case were acts done for the common good in coping with an emergency, they constituted the exercise of a governmental function. Although that function coincided with the City's proprietary function of keeping its streets in safe condition for travel, where those functions coincide, "the governmental function is the overriding factor." The trial court correctly ruled, therefore, that the City was entitled to governmental immunity.

242 Va. at 59.

While the holdings of *Fenon* and *Bialk* are helpful, they cannot yet be applied to this case because the court does not have sufficient facts to determine whether an emergency existed at the time of plaintiff's accident. In this regard, it is important that in *Fenon* and *Bialk*, the accident which led to plaintiff's claim occurred in the very midst of emergencies. In *Fenon*, the accident occurred around 7:00 p.m. on the day of the hurricane. As noted earlier, approximately 800 trees had fallen and were blocking city streets. It is no wonder the Supreme Court held that the accident occurred during an emergency. 203 Va. at 555-56. Similarly, in *Bialk*, the plaintiff was injured by snow thrown from a snowplow which was at the time engaged in removing snow from a snowfall which either was still going on or had just ended. Again, the Supreme Court had no trouble concluding that plaintiff's injury occurred during an emergency. 242 Va. at 59. In the case at bar, RMA has presented no facts to show that the emergency created by the snowfall which occurred before plaintiff's accident still existed at the time of his accident.

In his memorandum in opposition to RMA's plea, plaintiff asserts that pretrial discovery has disclosed facts which support his argument that an emergency did not exist at the time of his accident. It is not appropriate to consider such "facts" at this stage of the proceedings. At this point, the only "facts" which have been properly presented are the allegations of the motion for judgment. Those allegations, by themselves, are sufficient to remove this case — *at this point* — from the holdings of *Fenon* and *Bialk*. Plaintiff alleges that a sufficient amount of time had passed since the end of the snowfall to have extinguished, by the time of his accident, any emergency that had existed. Because RMA has presented no facts to the contrary, plaintiff's allegations are taken as true.

Finally, in making this ruling, the court is aware of the argument that sovereign immunity attaches at the time of the decision to remove — or not to remove — snow and ice, so that RMA is immune no matter how much time elapsed between its alleged negligence in not removing the snow and ice and plaintiff's accident. The court rejects that argument. Indeed, if that argument were correct, the City of Norfolk could have left all 800 trees felled by Hurricane Donna in its streets forever and then claimed immunity from any negligence liability by saying that it decided *during* the hurricane — obviously an emergency — not to remove the trees. Likewise, the City of Hampton could have decided *during* its snowstorm — another emergency — never to repair potholes or remove debris caused by the storm, and then use that "emergency decision" to defeat

personal injury claims made weeks, months, or even years later. The court does not believe that to be the law. Instead, the court believes that the timing of the hurricane and plaintiff's accident in *Fenon*, and the timing of the snowstorm and plaintiff's accident in *Bialk*, were important considerations in the Supreme Court's decisions in those cases. It is an important consideration in RMA's plea in this case. The plea will be overruled, but without prejudice to RMA's renewing the plea after the presentation of evidence at trial.