COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Elder and Senior Judge Cole
Argued at Richmond, Virginia


TOWN OF ASHLAND, ET AL.

                                        MEMORANDUM OPINION* BY
v.         Record No. 0829-96-2          JUDGE LARRY G. ELDER
                                           NOVEMBER 26, 1996
ROBERT JOSEPH HENDRICK

          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          P. Dawn Bishop (Sands, Anderson, Marks &
          Miller, on briefs), for appellants.

          Gerald G. Lutkenhaus for appellee.


     The Town of Ashland and Virginia Mutual Group Self-Insurance

Association (appellants) appeal from a decision of the Workers'

Compensation Commission (commission) awarding benefits to

Robert J. Hendrick (appellee) and finding that his claim was not

barred by the statute of limitations.  Appellants contend that

the commission erred (1) when it let stand the conclusion of the

deputy commissioner that the Town of Ashland (Town) was subject

to the doctrine of estoppel and (2) when it held that the Town's

actions estopped it from asserting the statute of limitations as

a bar to appellee's claim.  For the reasons that follow, we

affirm.

---

          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.

FACTS

On February 13, 1985, appellee, then an equipment operator for the Town of Ashland (Town), sustained a compensable injury to his left foot and ankle. Soon after the accident, Harold Mitchell, who was both the Town's treasurer and contact person for any workers' compensation claims made against it, told appellee that if he needed anything "to come to him, and he would take care of the paperwork."

During the next two years the Town initiated all of the paperwork signed by appellee regarding his workers' compensation claim. In 1985, the parties executed a Memorandum of Agreement and an Agreed Statement of Fact regarding appellee's award of benefits for the five months of work he missed following his accident. In 1988, the parties executed a Supplemental Memorandum of Agreement and another Agreed Statement of Fact to formalize another award of benefits for a month-long absence from work that ended on January 18, 1987. In addition, whenever appellee received a check from the Town's insurance carrier he would endorse it to the Town because the Town always paid him his full salary during his absences. Each agreement or check was initially received by Mr. Mitchell from the Town's workers' compensation insurance carrier. Upon receipt, Mr. Mitchell would call appellee in from where he was working and direct him to sign each document as required.

Following his return to work in July, 1985, the Town also established a simple procedure for appellee to receive his full wage following an injury-related absence. Appellee would report any such absences to his supervisor, who indicated them on his weekly timesheets by marking "WC." This signified to the town that the time missed was covered under workers' compensation and should not be deducted from appellee's accrued sick leave or vacation time. Appellee was paid his full wage for every injury-related absence he reported to his supervisor from 1985 until 1995.

After the expiration of appellee's last formal award of compensation on January 18, 1987, appellee continued to miss substantial periods of work due to multiple surgeries related to his injury. However, Mr. Mitchell failed to communicate with the Town's carrier regarding any of appellee's subsequent absences until August, 1991, when he learned that the carrier would no longer reimburse the Town for appellee's claim because it was time-barred. Despite the fact that Mr. Mitchell ceased asking appellee to sign paperwork after 1988, appellee did not think there was a problem with his claim because he continued reporting his injury-related absences to his supervisor and receiving his full wage for his lost time. In addition, on at least one occasion, appellee took a "problem" medical bill to Mr. Mitchell who "took care of it" by calling the Town's carrier.

In March, 1994, appellee's left great toe was amputated

because of damage sustained when he was injured in 1985. After the surgery, appellee requested additional compensation for the loss of his toe, and the Town's carrier denied his claim, stating that it was time-barred under Code § 65.2-708(A). The carrier also sent appellee a copy of the commission's workers' compensation guide, which was the first time appellee had seen the guide. In the spring or summer of 1994, appellee met with Mr. Mitchell and the Town manager, who informed him that he would not receive additional compensation from the Town for the amputation of his toe because his claim was barred by the statute of limitations.

On October 31, 1994, appellee filed an application for compensation with the commission that was subsequently denied by a claims examiner. Appellee appealed this decision, and the commission reversed and remanded the case to a deputy commissioner for a hearing to determine whether appellants were estopped from asserting the statute of limitations as a bar. After a hearing, the deputy commissioner awarded compensation to appellee, holding that the doctrine of estoppel applied to governmental entities and prevented appellants from asserting the statute of limitations as a bar. The Town appealed the decision of the deputy, and the full commission affirmed.

## II.

### DOCTRINE OF ESTOPPEL AND GOVERNMENTAL ENTITIES

Appellants argue that the commission erred in ruling that

-4-

the Town was estopped from raising the statute of limitations as a bar because governmental entities are not subject to the doctrine of estoppel.  We disagree.

We hold that a governmental entity is subject to the doctrine of estoppel when it asserts the statute of limitations as a bar to a workers' compensation claim filed against it.  "[A] municipal corporation has both governmental and proprietary functions."  <u>Bialk v. City of Hampton</u>, 242 Va. 56, 58, 405 S.E.2d 619, 620 (1991).  It is well established that the doctrine of estoppel does not apply to the state or its political subdivisions in the discharge of their governmental functions but that it does apply when the governmental entity is acting in its proprietary capacity.  <u>Monument Associates v. Arlington County Board</u>, 242 Va. 145, 151, 408 S.E.2d 889, 892 (1991) (citing <u>Westminster-Canterbury v. City of Virginia Beach</u>, 238 Va. 493, 503, 385 S.E.2d 561, 566 (1989)).  An act by a governmental entity is "governmental" if it is "done . . . for the common good, without the element of corporate benefit or pecuniary profit."  <u>Bialk</u>, 242 Va. at 59, 405 S.E.2d at 621 (citing <u>Fenon v. City of Norfolk</u>, 203 Va. 551, 556, 125 S.E.2d 808, 812 (1962)).  In this case, the actions of the Town that appellee asserts estop it from raising the statute of limitations were the handling and processing of an employee's workers' compensation claim by a Town officer following an accident.

We hold that the Town acted in a proprietary capacity when

it handled and processed an employee's claim.  By setting up procedures for appellee to report his injury-related absences and handling paperwork related to appellee's work-related injury, the Town was attempting to provide appellee with the benefits to which he was entitled under the Act and to limit its litigation costs.  The record shows that Mr. Mitchell, the Town's treasurer and contact person for workers' compensation claims, told appellee that he would take care of appellee's claim, initiated two Memoranda of Agreement with appellee, communicated with the Town's insurance carrier and approved the payment of appellee's full wage for injury-related absences for ten years.   Mr. Mitchell's actions indicate that they were intended to benefit both the Town and appellee and not the general public.  In addition, by attempting to limit litigation costs by executing agreements with appellee and by seeking reimbursement from the Town's carrier, Mr. Mitchell's actions contained the element of corporate benefit.  VEPCO v. Hampton Redevelopment and Housing Authority, 217 Va. 30, 36, 225 S.E.2d 364, 369 (1976) (holding that Housing Authority acts in proprietary capacity when it operates a housing project because the service "inures to the benefit of a few rather than to 'the common good of all'");  City of Richmond v. Virginia Bonded Warehouse Corp., 148 Va. 60, 72-73, 138 S.E. 503, 507 (1927) (holding that city acts in proprietary capacity when it installs sprinkler system in private building because such systems are installed "for the private

benefit and interest of the owner of the building").  We hold that Mr. Mitchell's actions were proprietary in nature and that the Town, as a governmental entity, is subject to the doctrine of estoppel when it asserts that appellee's workers' compensation claim is barred by the statute of limitations.

III.

APPLICATION OF THE DOCTRINE OF ESTOPPEL

Appellants contend that the commission erred in concluding that estoppel applies to them in this case because appellee failed to prove that the Town engaged in a deliberate, fraudulent effort to prejudice his right to file a claim within the limitation period.  We disagree.

As a preliminary matter, we note that appellants set forth an incorrect legal test for the application of equitable estoppel.  While appellants correctly assert that the doctrine of estoppel applies to those situations where a claimant shows that an employer deliberately intended to cause prejudice through acts of fraud or concealment, these are not the only bases that will estop an employer from asserting a statute of limitations defense.  The doctrine of estoppel does not require a claimant to prove either that an employer's representation was false or that the employer made the representation with the intent to induce reliance.  Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 325, 416 S.E.2d 708, 711 (1992), aff'd, 245 Va. 337, 428 S.E.2d 905 (1993) (applying Stuart Circle Hosp. v. Alderson, 223 Va.

-7-

205, 208, 288 S.E.2d 445, 446-47 (1982)).  Instead, a claimant makes a case for estoppel if he proves by clear, precise and unequivocal evidence that the employer made a representation or committed any act that did in fact induce the claimant to refrain from filing a claim within the limitations period.  Id.  Under this theory of estoppel, the essential elements are "a representation, reliance, a change of position, and detriment." T . . . v. T . . ., 216 Va. 867, 873, 224 S.E.2d 148, 152 (1976).

We hold that the commission did not err in concluding that appellants are estopped from asserting the statute of limitations in this case.  The record clearly shows that the Town made representations and committed acts that induced appellee to fail to file his claim before the limitations period of Code § 65.2-708(A) had expired.  After appellee's injury, Mr. Mitchell told appellee to come to him if he needed anything and that he would take care of the paperwork.  Although this general representation may not have been sufficient to relieve appellee of his responsibility to file a claim in order to protect his rights, for almost three years after the injury, Mr. Mitchell prepared and submitted to the carrier necessary paperwork required to formalize appellee's entitlement to benefits, including the execution of two Memoranda of Agreement and two Agreed Statements of Fact.  In each instance, Mr. Mitchell called appellee in from the field and "lay [the document] on his desk with a pen where [appellee] needed to sign."  In addition, the

Town established a system whereby appellee would report his injury-related absences to his supervisor and receive his full wage. Following the last payment of compensation pursuant to the Supplemental Memorandum of Agreement in 1987, Mr. Mitchell continued to approve the full payment of wages for appellee's injury-related absences until 1995. Appellee stated that he believed that his workers' compensation claim was being paid because of Mr. Mitchell's representations and acts:

> I was trusting Harold Mitchell. I mean, he brought me all the other forms and I was waiting for him to bring me the rest of them and he didn't, and I didn't know that there was any to be brought to me.

The record shows that appellee did not receive a workers' compensation guide until after the amputation of his great toe in 1994. Because the Town made representations and committed acts that induced appellee to refrain from filing a timely claim, appellants are estopped from raising the statute of limitations as a bar to appellee's claim.

In light of the foregoing reasons, we affirm the decision of the commission.

<u>Affirmed</u>.