Present:  All the Justices

TOWN OF ROCKY MOUNT

v.  Record No. 972401        OPINION BY JUSTICE BARBARA MILANO KEENAN
                                       September 18, 1998
WENCO OF DANVILLE,
INC., ET AL.

                FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                         B.A. Davis, III, Judge

     In this appeal, we decide whether a town that contracted to

provide sewer service to a property located outside the town must also

provide such service to another property outside the town.

     Wal-Mart Stores, Inc. (Wal-Mart) owns a large commercial real

estate development in Franklin County along Route 40 East about one-

quarter mile outside the Town of Rocky Mount (Town).  In May 1995, the

Town executed an agreement (Agreement) with Wal-Mart in which the Town

agreed to provide sewer service to a store to be built by Wal-Mart on

its property.  The sewer line servicing the Wal-Mart store is part of

the Town's new Powder Mill Sewer Project.

     The Agreement provided that the Town "has interest in providing

sewage service to the Franklin Heights area of Franklin County and the

State Route 40 East corridor . . . .  Accordingly, the Town desires to

begin construction of the sewage system to service the aforesaid

properties."  Wal-Mart agreed to contribute $250,000 to the Town for

the construction of the sewer system.

     The Town exercised its power of eminent domain to acquire the

easements needed to extend the Powder Mill Sewer Project outside the

Town to the Wal-Mart store site. The extension of the Powder Mill project was completed in accordance with the terms of the Agreement, and the Town currently operates the Powder Mill project as part of its public sewer system. With the exception of Wal-Mart, all customers served by the Powder Mill project are located inside the Town.

In January 1996, the respondents, Wenco of Danville, Inc., Charles R. Sechrist, and Wenco Properties, L.L.C. (collectively, Wenco), contracted with Wal-Mart to purchase a 1.2 acre unimproved portion of Wal-Mart's development tract (the Property). Wenco intends to build and operate a "fast food" restaurant on the Property.

The contract between Wenco and Wal-Mart is contingent on Wal-Mart delivering to Wenco a utility plan that, among other things, provides the Property with sewer service adequate for the operation of a restaurant. Since the Town owns and operates the only sewer system available to the Property, Wenco requested permission to connect to the Town's system. The Town responded that it would provide sewer service to the Property if Wenco paid the Town a $125,000 connection fee.[1]

In a transcript of a meeting of the Rocky Mount Town Council, which is part of the record in this case, Vice-Mayor Posey W. Dillon explained the circumstances surrounding the Town's decision to provide

---

[1]The parties agree that no additional construction is required to connect the Property to the Town's water or sewer system. The parties also stipulate that the Town's wastewater treatment facility has sufficient capacity to serve the Property.

2

sewer service to the Wal-Mart store site. He stated that the Town was involved in negotiations with Franklin County in an attempt to reach an agreement for the Town to provide sewer service to the Route 40 East corridor, as well as to certain other areas of the County. Dillon related that the Town "sized" the Powder Mill Sewer Station to ensure that it would be capable of supplying sewer services to the County in the event that the Town and the County reached an agreement.

Dillon also explained that the Powder Mill Sewer Project was built to accommodate the Town's anticipated needs based on the fact that the Town's Pell Avenue sewage "pump station" was nearing its capacity. Dillon stated that the Town intends to connect the Pell Avenue sewer line to the Powder Mill line to alleviate this situation. He also stated that since the Town had incurred great expense in constructing the Powder Mill Sewer Project, the Town could not extend sewer service to Wenco without receiving a monetary benefit in return.

Wenco refused to pay the connection fee set by the Town on the ground that the fee was much higher than the fees charged to other users both inside and outside the Town.[2] Wenco filed in the trial court an amended verified bill of complaint requesting, among other things, that the trial court issue an injunction requiring the Town to

_____

[2]The record shows that the Town provides sewer service to about 56 properties in Franklin County. None of these properties, except the Wal-Mart store site, is served by the extension of the Powder Mill sewer line.

3

connect the Property to the Town's sewer system on the same terms and conditions available to users "similarly situated."

After hearing evidence, the trial court ruled that although the Town had no obligation to provide sewer services beyond its corporate limits, the Town cannot "pick and choose who is or who is not entitled to make a connection" once the Town has extended sewer lines to out-of-town users. The court concluded that the Town made a commitment in the Agreement to serve other properties along the Route 40 East corridor.

The court held that "once the Town extends its sewer line beyond its corporate limits, it must, provided there is no [utility-related] reason to deny access, set the connection fees for individuals and businesses at a uniform rate." Finding that the Town had no "utility-related" reason for denying sewer service to Wenco, the court ordered the Town to connect the Property to the Town's sewer line on payment of a "uniform and reasonable connection fee."

On appeal, the Town argues that it has no legal duty to furnish sewer service to properties located outside its boundaries. The Town asserts that the extension of its sewer system to any property beyond its corporate limits is solely a matter of contract that is subject to the judgment of the Town Council.

In response, Wenco asserts that when a local government provides sewer service to individuals and businesses located outside its corporate limits, the government is "holding out" or "representing"

4

that this service is available to all members of the public, absent a "utility-related" reason for denying service. Wenco argues that since the Town did not deny Wenco service based on a "utility-related" reason, the Town must provide Wenco sewer service at a uniform and reasonable rate.

In resolving this issue, we first consider the nature of the function that Wenco seeks to have the Town perform. When a municipal corporation provides utility services outside its territorial limits, it is performing a proprietary, not a governmental, function. See Corporation of Mount Jackson v. Nelson, 151 Va. 396, 404, 145 S.E. 355, 357 (1928); 11 Eugene McQuillin, The Law of Municipal Corporations § 31.10 (3d ed. 1991). In the performance of a purely proprietary function, a municipality may consider factors of corporate benefit and pecuniary profit. See Bialk v. City of Hampton, 242 Va. 56, 59, 405 S.E.2d 619, 621 (1991); Fenon v. City of Norfolk, 203 Va. 551, 556, 125 S.E.2d 808, 812 (1962); Hoggard v. City of Richmond, 172 Va. 145, 150, 200 S.E. 610, 612 (1939). A municipality generally has no duty, except that which is undertaken by contract, to furnish sewer service to users outside its territorial limits. See Light v. City of Danville, 168 Va. 181, 204-05, 190 S.E. 276, 285 (1937); Board of Supervisors v. City of Richmond, 162 Va. 14, 25-26, 173 S.E. 356, 360 (1934); Mount Jackson, 151 Va. at 404, 145 S.E. at 357; 11 McQuillin, supra, § 31.10.

Wenco's argument is based on an exception to this rule recognized in some jurisdictions, which commonly is referred to as the "holding out" exception. Under this exception, a municipal corporation that "holds itself out" as providing sewer services to a given area will be treated as a public utility for purposes of servicing that area. Such a municipal corporation may deny service to properties within that "service area" only for "utility-related" reasons, including lack of capacity. See e.g., Delmarva Enterprises, Inc. v. Mayor & Council of Dover, 282 A.2d 601, 602-03 (Del. 1971); Yakima County Fire Protection Dist. No. 12 v. City of Yakima, 858 P.2d 245, 251 (Wash. 1993); Milwaukee v. Public Serv. Comm'n, 66 N.W.2d 716, 718 (Wis. 1954).

Under the facts presented here, we need not consider whether the "holding out" exception should be adopted in Virginia. That exception applies only upon proof of either an agreement by the municipal corporation to provide utility service to a general "service area," or the actual provision of service to a number of properties in a given area manifesting the municipality's consent to provide service to that area as a public utility. See id.; 11 McQuillin, supra, § 31.16 (1991 and 1997 Supp.).

The present record contains no evidence that the Town entered into an agreement to provide sewer service to a general "service area" that included the Property. The Town's recitation in the Wal-Mart Agreement of an "interest" in providing sewer service to the

6

Route 40 East corridor was not a commitment by the Town to provide such service. Likewise, the record does not show that the Town provided sewer service to any other properties in the area of Franklin County near the Wal-Mart store site, thereby manifesting an intent to serve that area as a public utility.

Although the Town provided sewer service to the Wal-Mart store site on a trunk line designed to permit future development of a service area along the Route 40 East corridor, this action was in the nature of a planning decision and did not constitute consent by the Town to provide service to that area. Therefore, we conclude that Wenco has failed to establish that it qualifies for consideration under a "holding out" exception.

Since we do not consider the merits of the "holding out" exception in this case, we apply the general rule stated above that a municipal corporation's provision of sewer service outside its boundaries is a proprietary function regulated by contract. We hold that in conducting this proprietary function, the Town was entitled to exercise its sound judgment as it would in any other contractual business matter. See Whitehead v. H&C Dev. Corp., 204 Va. 144, 150, 129 S.E.2d 691, 695-96 (1963); Light, 168 Va. at 204, 190 S.E. at 285; Mount Jackson, 151 Va. at 408, 145 S.E. at 358.

Wenco contends, however, that the Town's decision reflects an abuse of its power of eminent domain. Wenco asserts that the Town's acquisition of easements outside its boundaries and its construction

7

of the sewer line extension to the Wal-Mart store site require that the Town provide sewer service at a uniform rate to the public in that general area. Otherwise, Wenco argues, the Town illegally will have used its power of eminent domain to acquire property for the private use of WalMart, rather than for use by the public. We disagree with Wenco's arguments.

To be public, a use must be one in which the terms and manner of its enjoyment are within the control of the governing body. The public interest must dominate any private gain. Phillips v. Foster, 215 Va. 543, 547, 211 S.E.2d 93, 96 (1975); Rudee Inlet Auth. v. Bastian, 206 Va. 906, 911, 147 S.E.2d 131, 135 (1966); Mumpower v. Housing Auth. of Bristol, 176 Va. 426, 448, 11 S.E.2d 732, 740 (1940).

A public utility owned by a municipality is held in trust for the common benefit of all its citizens and is devoted to furnishing the general public of the municipality with a fixed and definite use in its property. Light, 168 Va. at 210-211, 190 S.E. at 288; see Warwick County v. City of Newport News, 153 Va. 789, 805-06, 151 S.E. 417, 422 (1930). As Light instructs, the Town is not obligated to furnish the public in Franklin County the use of the Town's property. Rather, the Town's present obligation extends only to assuring its own citizens a fixed and definite use in property owned by the Town. See Light, 168 Va. at 210-11, 190 S.E. at 288; Warwick County, 153 Va. at 808, 151 S.E. at 423; Mount Jackson, 151 Va. at

8

400-01, 145 S.E. at 356. The Town has met this obligation by retaining complete control over its sewer facilities in Franklin County and by using those facilities as a source of revenue for the Town.

Wenco next argues that the Town's decision to charge Wenco a $125,000 connection fee "amounts to an illegal tax assessment by the Town." We find no merit in this argument. The Town's establishment of a sewer connection fee for the proposed restaurant site is purely an exercise of a proprietary function involving a property located outside the Town.[3] See Whitehead, 204 Va. at 150, 129 S.E.2d at 695; Light, 168 Va. at 204, 190 S.E. at 285; Mount Jackson, 151 Va. at 407-08, 145 S.E. at 358.

For these reasons, we will reverse the trial court's judgment and enter final judgment in favor of the Town.

<u>Reversed and final judgment.</u>

---

[3]We also find no merit in the remaining arguments advanced by Wenco.