# CIRCUIT COURT OF THE CITY OF NORFOLK

Jeanette C. Cooke

v.

John G. Pouleres et al.

March 30, 2001

Case No. L00-2312

BY JUDGE MARC JACOBSON

Jeanette C. Cooke seeks damages for injuries arising out of an automobile accident on or about September 28, 1998. In her Motion for Judgment (Motion) Plaintiff alleges that she was a pedestrian attempting to cross the intersection of Granby Street and City Hall Avenue in the City of Norfolk when she was struck by a vehicle operated by Defendant John G. Pouleres. *See* Motion, ¶ 1. Plaintiff alleges that at the site of the accident, a scaffolding had been erected on the sidewalk by Defendant Blueridge General, Inc. (Blueridge) "for pedestrian traffic control" which "prohibited your Plaintiff from being able to safely view the ongoing traffic prior to reaching the intersection" in question. *See* Motion, ¶ 4.

Plaintiff further alleges in her Motion that Defendant City of Norfolk is liable to her because it "had issued a Construction Fence Permit to the Defendant Blueridge General, Inc., and failed to adequately supervise its development and compliance. . . ." *See* Motion, ¶ 6. She also alleges City is liable because "the City of Norfolk, Virginia, had a duty to use ordinary care to keep its sidewalks in a reasonably safe condition for use by the public" and that the City breached that duty by failing to "routinely inspect the standards regarding the level of construction of the scaffolding structure to assure pedestrian safety." *See* Motion, ¶ 7.

City has filed a Plea in Bar asserting that the doctrine of sovereign immunity protects it from liability. In the Plea and during oral argument, City contends that Plaintiff's claim regards "the maintenance of traffic regulatory

structures and devices on its streets." *See* Plea, ¶ 1. City further contends that the regulation of traffic on city streets is a governmental function for which City enjoys immunity from tort liability. *See* Plea, ¶ 2.

"Sovereign immunity is 'a rule of social policy, which protects the state from burdensome interference with the performance of its governmental functions and preserves its control over state funds, property, and instrumentalities'." *City of Virginia Beach v. Carmichael Devel. Co.*, 259 Va. 493, 499, 527 S.E.2d 778, 781 (2000), citing *Hinchey v. Ogden*, 226 Va. 234, 240, 307 S.E.2d 891, 894 (1983).

> As has often been said, a municipal corporation has both governmental and proprietary functions. It is immune from liability for negligence in the exercise of its governmental functions, or for its failure to exercise them, but it may be liable, as would a private person, for negligence in the exercise of its proprietary functions. *Taylor v. City of Charlottesville*, 240 Va. 367, 370, 397 S.E.2d 832, 834 (1990). Generally, the planning, designing, laying out, and construction of streets and roads has been held to be a governmental function, *id.* at 371, 397 S.E.2d at 835, while the routine maintenance of existing streets has been held to be proprietary, subjecting a city to liability for its failure to maintain its streets in good repair and in safe condition for travel, free from dangerous defects or obstructions. *City of Richmond v. Branch*, 205 Va. 424, 428, 137 S.E.2d 882, 885 (1964).

*Bialk v. City of Hampton*, 242 Va. 56, 405 S.E.2d 619 (1991).

Although Plaintiff does not delineate any specific reason the scaffolding was constructed at the intersection in question, she characterizes the scaffolding as a device "for pedestrian traffic control." *See* Motion, ¶ 4. She also alleges that City issued a permit to Blueridge to construct the scaffolding for the purpose of keeping the City's "sidewalks in a reasonably safe condition for use by the pedestrian public." *See* Motion, ¶ 7.

In *Freeman v. City of Norfolk*, 221 Va. 57 (1980), the Court examined the issue of sovereign immunity in the context of an automobile accident similar to the one at issue in this case. There, the plaintiff's decedent was a passenger in a vehicle operated in the City of Norfolk. The driver failed to negotiate a sharp curve and the car drove into the Lafayette river, killing all of the car's occupants. The plaintiff sued the city on the ground that the city failed to keep the area safe for travel by erecting a guardrail, markings, and lighting, or by lowering the speed limit. In determining that the city was immune from

liability, the Virginia Supreme Court noted "[t]he allegations do not concern acts or omitted acts by the City regarding its duty to maintain its streets, but concern acts relating to traffic regulation." The Court further stated:

> Traffic lights, blinking lights, warning signals, roadway markings, railings, barriers, guardrails, curbings, and like devices are all designed to control and regulate traffic and to insure its orderly and safe flow on the streets. A determination of the need for such devices and the decision to install or not to install them calls for the exercise of discretion on the part of the city. In the exercise of that discretion and in making a judgment, the city is performing a governmental function and is not liable for its negligent performance of the function.

*Id.* at 60.

In *Transportation, Inc. v. City of Falls Church*, 219 Va. 1004 (1979), the Court examined a similar sovereign immunity issue in the context of a malfunctioning traffic light. Plaintiff was in an automobile accident as a result of the malfunctioning light and sued the city for the failure to repair it. In determining that the city was shielded by sovereign immunity, the Court rationalized that even though "the repair of a malfunctioning traffic signal bears some relationship to street maintenance and displays ... there is involved 'the purpose of protecting the general health and public safety,' a distinguishing feature of a governmental function." *Id.* at 1006, *citing Taylor v. City of Newport News*, 214 Va. 9, 10, 197 S.E.2d 209, 210 (1973).

The case at bar, as in *Transportation, Inc.* and *Freeman*, involves the City's discretion in deciding whether to install scaffolding, where and how to install it, what company to use to construct it, and other decisions that necessarily trigger the protection of sovereign immunity. As in *Freeman*, the scaffolding at issue was a "barrier," "railing," "guardrail," or "curbing" having to do with the regulation and control of traffic; Plaintiff admits this much in her characterization of the scaffolding as a "pedestrian traffic control device." Additionally, the City exhibited discretion in the ultimate decision to grant the permit to Blueridge, as evidenced in Plaintiff's allegation that the permit was granted for the purpose of keeping the City's "sidewalks in a reasonably safe condition for use by the pedestrian public."

Cases in which municipalities have not been afforded the protection of sovereign immunity for street maintenance often involve cleaning and repair of street surfaces. *See City of Richmond v. Branch*, 205 Va. 424, 428-29, 137 S.E.2d 882, 885 (1964), and *City of Norfolk v. Hall*, 175 Va. 545, 551-53, 9

S.E.2d 356, 359-40 (1940). In the case at bar, Plaintiff seeks to hold City liable because of the scaffolding and its effect on the adjacent street, thus, the Court finds as to the facts in the case at bar that the doctrine of sovereign immunity is applicable as to the City.

City's Plea in Bar is sustained.